Jose C. MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–99–01329–CR, 01–99–01330–CR,
01–99–01331–CR, 01–99–01332–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 13, 2001.

Rehearing Overruled Jan. 31, 2002.

Jon A. Jaworski, Houston, for Appellant.

Alan Curry, Asst. Dist. Atty., Houston, for State.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

ADELE HEDGES, Justice.

Appellant was charged with four separate felony offenses of intoxication manslaughter.[1] After appellant pleaded not guilty, a jury found him guilty and assessed punishment for each offense at confinement for 15 years. The trial court ordered that the sentences run consecutively. We affirm.

### Background

Kurt Groten and his wife, Lisa Groten, and their three children were driving home from Hobby airport in their Ford Expedition. Appellant, who was driving an 18–wheeler on the same freeway, attempted to pass the Grotens on the left side. The 18–wheeler tipped over and crushed the Expedition, killing everyone inside except Lisa. After officers arrived at the scene, they determined that appellant was intoxicated and placed him under arrest.

In six points of error, appellant argues that: (1) the evidence is legally and factually insufficient to support the convictions; (2) the trial court erred in ordering appellant's sentences to run consecutively; (3) the trial court erred by denying appellant's request to have the jury determine whether the sentences should run consecutively or concurrently; (4) section 3.03(b) of the Texas Penal Code is void and unconstitutional; and (5) the trial court violated appellant's constitutional right of confrontation. We affirm.

### Legal Sufficiency

In his first point of error, appellant argues that the evidence is legally insufficient to support his conviction because the State did not prove that appellant's intoxication caused the deaths of the complainants. Specifically, appellant argues that the State presented no evidence that his intoxication caused the deaths of the complainants. Appellant does not dispute the officer's conclusions or the intoxilyzer results that he was intoxicated. He argues only that the evidence was legally insufficient to prove that his intoxication caused the deaths of the victims.

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime

1. Kurt Groten and his three children are the complainants.

beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

A person commits the offense of intoxication manslaughter if he: (1) operates a motor vehicle in a public place; (2) is intoxicated; and (3) by reason of that intoxication causes the death of another by accident or mistake. *See* TEX. PEN.CODE ANN. § 49.08(a)(1), (2) (Vernon Supp.2001).

■ At trial, Herman Wright, III testified as an eyewitness to the accident. He testified that he saw the 18–wheeler before the accident, and that it appeared as though it was moving too fast. Another eyewitness, Walter Wilson, testified that the 18–wheeler swerved to the right and then tried to adjust and go back to the left. At that point, the trailer buckled and the load shifted, thus causing the 18–wheeler to fall on the Expedition. Wilson did not see the 18–wheeler brake at any time. He also testified that the posted speed limit was 50 miles per hour, and that the 18–wheeler was "hitting more than 50." Wilson also saw appellant after the accident. When appellant exited his 18–wheeler, Wilson thought that he had been drinking.

The jury was properly charged on causation. Section 6.04 of the Texas Penal Code provides that, "A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." TEX. PEN.CODE ANN. § 6.04 (Vernon 1994). Based on the testimony from Wilson and Wright, we conclude that there was sufficient evidence in the record from which the jury could find beyond a reasonable doubt that appellant caused the deaths of the four victims by reason of his intoxication.

We overrule appellant's first point of error.

### Factual Sufficiency

■ In his second point of error, appellant argues that the evidence is factually insufficient to show that appellant, by reason of his intoxication, caused the deaths of the complainants. Under the factual sufficiency standard, we ask "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *King v. State,* 29 S.W.3d 556, 563 (Tex.Crim.App. 2000). We will reverse the fact finder's determination only if a manifest injustice has occurred. *Id.* In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *Id.*

In support of his factual sufficiency challenge, appellant argues that the evidence is factually insufficient based on the testimony of Officers Kessler and Saenz. Kessler, who is certified in safety inspections of 18–wheelers, testified that, after inspecting the 18–wheeler, he found: (1) a defective front steering axle; (2) three and one-half of the four brakes were not working; and (3) the cargo inside the 18–wheeler was not secured properly to prevent sideways shifting. Officer Saenz, an accident reconstruction expert, testified that: (1) the 18–wheeler was positioned in the right lane, behind the Expedition; (2) the 18–wheeler changed lanes from the right to the left in order pass the Expedition; and (3) during the lane-change, the weight of the cargo shifted, which caused the trailer portion of the 18–wheeler to fall on

top of the Expedition. Appellant argues that the testimony of these two officers demonstrates that the unsecured cargo caused the 18–wheeler to crush the Expedition.

■ Although this evidence tends to show that the 18–wheeler may have had safety violations and that it may have been improperly loaded, we conclude that, based on section 6.04 of the Penal Code, the improper loading of the cargo, as testified to by Officer Saenz, was not clearly sufficient to produce the result. Furthermore, we conclude that appellant's intoxication was not clearly insufficient to cause the accident. The two eyewitnesses to the accident both testified that appellant was driving too fast. Appellant's conduct, namely, his intoxication combined with the act of driving an 18–wheeler on a public highway above the legal speed limit, cannot possibly be characterized as being insufficient conduct to cause the accident.

After reviewing all the evidence admitted in this case in a neutral light, we do not find that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination. Nor do we find that the proof of guilt is greatly outweighed by contrary proof presented by appellant. Accordingly, we hold that the evidence was factually sufficient to support the jury's verdict that the victims' deaths were caused by appellant's intoxication.

We overrule appellant's second point of error.

### Consecutive Sentences

In his third point of error, appellant argues that the trial court erred in ordering appellant's sentences to run consecutively. Specifically, appellant argues that he elected to have the jury, not the trial court, both assess his punishment and decide whether the sentences would run consecutively or concurrently.

Penal Code section 3.03 provides:

> (a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.
>
> (b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:
>
> (1) an offense;
>
> (A) under Section 49.08

TEX. PEN.CODE ANN. § 3.03(a), (b)(1)(a) (Vernon Supp.2001).

Appellant elected to have the jury assess his punishment. He also requested that the jury give the trial court a recommendation as to whether the sentences should run consecutively or concurrently. The trial court denied his second request.

■ Appellant correctly points out that section 3.03 is silent about whether the trial court or the jury decides if sentences should run consecutively or concurrently. However, the Court of Criminal Appeals has previously held that "it was within the trial court's discretion to sentence appellant consecutively for any of the intoxication manslaughter offenses." *Yvanez v. State*, 991 S.W.2d 280, 282 (Tex.Crim.App. 1999). We agree with *Yvanez*, insofar as the trial court has discretion in deciding whether a defendant's sentences run consecutively. *See id.* Accordingly, the trial court did not err in determining that appellant's sentences would run consecutively.

We overrule appellant's third point of error.

In appellant's fourth point of error, he argues that the trial court violated his constitutional right to trial by jury because the jury did not determine whether his sentences would run consecutively or concurrently. In his fifth point of error, he argues that section 3.03(b) is void and unconstitutional because it does not specify who will determine whether sentences shall be consecutive or concurrent.

 Appellant's constitutional complaints are without merit. The federal constitutional right to trial by jury does not include the right to have a jury at the punishment phase of trial. *Parrish v. Beto*, 414 F.2d 770 (5th Cir.1969); *Ex parte Marshall*, 72 Tex.Crim. 83, 161 S.W. 112, 113 (1913). In Texas, there is both a constitutional right to a jury trial and a statutory right to a jury trial. TEX. CONST. art. I, § 10 (Vernon 1997); TEX.CODE CRIM. PROC. ANN. arts. 1.12, 1.13, 1.14, 1.15, 37.07 (Vernon 1977 & Supp.2001). However, the Texas Constitutional right to a jury trial does not include the right to have the jury assess punishment. *Ex parte Moser*, 602 S.W.2d 530, 533 (Tex.Crim.App.1980); *Bullard v. State*, 548 S.W.2d 13, 16 (Tex. Crim.App.1977); *Ex parte Marshall*, 161 S.W. at 113. Accordingly, appellant's argument that he was denied his constitutional right to jury assessed punishment is without merit.

 Moreover, an argument that a statute is vague and indefinite addresses concerns about a defendant's lack of notice of the elements of the charged offense. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 163, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972) (finding that a statute can be void for vagueness when it does not give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute or it encourages arbitrary and erratic arrests and convictions); *Rodriguez v. State*, 47 S.W.3d 86, 88–89 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Here, there was no issue about whether appellant had notice of the elements of intoxication manslaughter. Therefore, appellant's arguments are without merit.

We overrule appellant's fourth and fifth points of error.

### Right to Cross–Examine

In his sixth point of error, appellant argues that the trial court denied him his right to cross-examine a State's witness for bias or motive.

Appellant called Larry Boyd to show that he had been retained by Lisa Groten to pursue separate civil litigation against appellant for damages arising from the accident. Essentially, appellant wanted to question Boyd to show that Lisa Groten was biased or had a motive for testifying.

Outside the presence of the jury, the trial court allowed appellant's counsel to question Boyd. As to all of the questions asked of Boyd, he asserted the attorney-client privilege, which had not been waived by his client. The State objected to the line of questioning based on Rules of Evidence 402, 403, and 503. The trial court sustained all of the State's objections, stating that the testimony was immaterial in this case to show bias by another witness.

 If there was any error in not allowing appellant to cross-examine Boyd, the error would be subject to Rule 44.2(a). TEX.R.APP. P. 44.2(a). We must reverse the judgment of conviction unless we find beyond a reasonable doubt that the error did not contribute to the conviction. *Id.* Appellant attempted to show Ms. Groten's bias or motive in testifying. In reviewing Ms. Groten's testimony, we note that it

was very limited. Because the events transpired so quickly, she could not testify to any of the details of the accident. She mainly testified to what happened after the accident. Further, she did not testify about appellant's intoxication or what caused the accident.

The main issue in the case was whether appellant was intoxicated, and if so, whether his intoxication caused the accident. Lisa Groten gave no testimony that could have influenced the jury in arriving at a verdict on these two issues. Accordingly, we conclude beyond a reasonable doubt that the trial court's error, if any, did not contribute to the conviction.

We overrule appellant's sixth point of error.

### Conclusion

We affirm the judgment of the trial court.