COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-118-CR
  
 
DAVID 
HARLAN PERKINS A/K/A                                              APPELLANT
DAVID 
H. PERKINS
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        David 
Harlan Perkins appeals from his conviction on three counts of aggravated sexual 
assault of a child under fourteen years of age. In two issues, he complains that 
the trial court reversibly erred by ordering his sentences for the first and 
second counts to run consecutively rather than concurrently and by overruling 
his objection to the State’s improper jury argument.  We will affirm.
        The 
trial court is authorized to stack sentences for multiple convictions arising 
out of the same criminal episode that are tried together if the convictions are 
based on penal code section 22.021 (among others) and the victim is under 
seventeen. Tex. Penal Code Ann. § 3.03(b)(2) 
(Vernon 2003); Pena v. State, 102 S.W.3d 450, 456 (Tex. App.—Eastland 
2003, no pet.); Martinez v. State, 66 S.W.3d 467, 470 (Tex. 
App.—Houston [1st Dist.] 2001, pet. ref’d).  Appellant was convicted 
under penal code section 22.021.  See Tex. Penal Code Ann. § 22.021(a)(1)(B), 
(2)(B) (Vernon Supp. 2004).[2] Therefore, the trial 
court did not err by ordering two of appellant’s three sentences to run 
consecutively. We overrule appellant’s first issue.
        In 
his second issue, appellant complains that the trial court violated his 
substantial rights by overruling his objection to improper jury argument.  
The State concedes that the argument was improper, but asserts that 
appellant’s substantial rights were not violated.
        Appellant 
was charged with sexually assaulting H.N., his grand-niece, in May 2000 and 
March and April 2002, when she was five and seven years old, respectively.  
H.N. testified that appellant touched or penetrated her female sexual organ 
three times with his finger and five times with his tongue.  In addition, 
appellant voluntarily went to the police station where he signed a written 
confession in which he admitted to digitally penetrating H.N.’s sexual organ 
on two different occasions in the spring of 2002.  Appellant also admitted 
that he showed H.N. a pornographic video during the assaults while he 
masturbated and she touched his penis.  Both H.N. and appellant stated that 
appellant had told H.N. not to tell anyone.
        Near 
the end of closing argument at guilt/innocence, the prosecutor argued that 
appellant had hoped H.N. would not tell anyone that appellant had “put his 
mouth on her sexually—ten [times], isn’t that what she said?”  The 
trial court overruled appellant’s objection to the argument being outside the 
record.
        During 
the punishment phase, several of appellant’s friends and family members 
testified that appellant was a good person with whom they would trust their 
children.  Some testified that they believed appellant had not committed 
the offenses for which he had been convicted; another surmised that the 
encounter between appellant and H.N. was a one-time mistake that may have been 
consensual.  Conversely, one of appellant’s adult nieces testified that 
appellant had shown her pornographic magazines when she was about twelve years 
old.  The jury assessed twenty years’ punishment for each count.
        After 
the jury had assessed punishment, the prosecutor argued while urging the court 
to stack appellant’s sentences: “Judge, I point out to the Court that the 
child testifies to not three, but I believe my recollection is 13 acts of 
aggravated sexual assault, ten oral acts and three digital acts.”  The 
trial court again overruled appellant’s objection.  Appellant contends 
that this argument and ruling exacerbated the earlier error.
        If 
a jury argument exceeds the bounds of proper argument, the trial court’s 
erroneous overruling of a defendant’s objection is not reversible error unless 
it affected the appellant’s substantial rights. Tex. R. App. P. 44.2(b); Martinez v. 
State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley v. State, 
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 
526 U.S. 1070 (1999).  In determining whether the appellant’s substantial 
rights were affected, we consider: (1) the severity of the misconduct (its 
prejudicial effect), (2) curative measures, and (3) the certainty of conviction 
or the punishment assessed absent the misconduct. Martinez, 17 S.W.3d at 
692-93; Mosley, 983 S.W.2d at 259.
        In 
this case, the trial court took no curative measures because it overruled 
appellant’s objections.  The misconduct was not severe, however; the 
prosecutor did not emphasize or repeat the comment at guilt/innocence, nor did 
he mention it to the jury during the punishment phase.  Further, in light 
of H.N.’s testimony and appellant’s confession, appellant’s conviction was 
certain even absent the improper jury argument.  Finally, based on this 
record, we cannot agree with appellant that the prosecutor’s brief, incorrect 
comment during the sentence-stacking hearing caused the trial court to order 
appellant’s sentences for the two 2002 offenses to run consecutively rather 
than concurrently.  Accordingly, we conclude that the prosecutor’s 
improper comments did not affect appellant’s substantial rights.  We 
overrule appellant’s second issue and affirm the trial court’s judgment.
 

                                                                  PER 
CURIAM
 
 
PANEL 
F:   CAYCE, C.J.; GARDNER and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 15, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
It is undisputed that the sentences arose out of the same criminal episode.