Perkins v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-118-CR

DAVID HARLAN PERKINS A/K/A APPELLANT

DAVID H. PERKINS

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

David Harlan Perkins appeals from his conviction on three counts of aggravated sexual assault of a child under fourteen years of age.  In two issues, he complains that the trial court reversibly erred by ordering his sentences for the first and second counts to run consecutively rather than concurrently and by overruling his objection to the State’s improper jury argument.  We will affirm.  

The trial court is authorized to stack sentences for multiple convictions arising out of the same criminal episode that are tried together if the convictions are based on penal code section 22.021 (among others) and the victim is under seventeen.  
Tex. Penal Code Ann.
 § 3.03(b)(2) (Vernon 2003); 
Pena v. State,
 102 S.W.3d 450, 456 (Tex. App.—Eastland 2003, no pet.); 
Martinez v. State,
 66 S.W.3d 467, 470 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).  Appellant was convicted under penal code section 22.021.  
See
 
Tex. Penal Code Ann.
 § 22.021(a)(1)(B), (2)(B) (Vernon Supp. 2004).
(footnote: 2)  Therefore, the trial court did not err by ordering two of appellant’s three sentences to run consecutively.  We overrule appellant’s first issue.

In his second issue, appellant complains that the trial court violated his substantial rights by overruling his objection to improper jury argument.  The State concedes that the argument was improper, but asserts that appellant’s substantial rights were not violated.  

Appellant was charged with sexually assaulting H.N., his grand-niece, in May 2000 and March and April 2002, when she was five and seven years old, respectively.  H.N. testified that appellant touched or penetrated her female sexual organ three times with his finger and five times with his tongue.  In addition, appellant voluntarily went to the police station where he signed a written confession in which he admitted to digitally penetrating H.N.’s sexual organ on two different occasions in the spring of 2002.  Appellant also admitted that he showed H.N. a pornographic video during the assaults while he masturbated and she touched his penis.  Both H.N. and appellant stated that appellant had told H.N. not to tell anyone. 

Near the end of closing argument at guilt/innocence, the prosecutor argued that appellant had hoped H.N. would not tell anyone that appellant had “put his mouth on her sexually—ten [times], isn’t that what she said?”  The trial court overruled appellant’s objection to the argument being outside the record.

During the punishment phase, several of appellant’s friends and family members testified that appellant was a good person with whom they would trust their children.  Some testified that they believed appellant had not committed the offenses for which he had been convicted; another surmised that the encounter between appellant and H.N. was a one-time mistake that may have been consensual.  Conversely, one of appellant’s adult nieces testified that appellant had shown her pornographic magazines when she was about twelve years old.  The jury assessed twenty years’ punishment for each count.  

After the jury had assessed punishment, the prosecutor argued while urging the court to stack appellant’s sentences:  “Judge, I point out to the Court that the child testifies to not three, but I believe my recollection is 13 acts of aggravated sexual assault, ten oral acts and three digital acts.”  The trial court again overruled appellant’s objection.  Appellant contends that this argument and ruling exacerbated the earlier error.  

If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection is not reversible error unless it affected the appellant’s substantial rights.  
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  In determining whether the appellant’s substantial rights were affected, we consider:  (1) the severity of the misconduct (its prejudicial effect), (2) curative measures, and (3) the certainty of conviction or the punishment assessed absent the misconduct.  
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259.

In this case, the trial court took no curative measures because it overruled appellant’s objections.  The misconduct was not severe, however; the prosecutor did not emphasize or repeat the comment at guilt/innocence, nor did he mention it to the jury during the punishment phase.  Further, in light of H.N.’s testimony and appellant’s confession, appellant’s conviction was certain even absent the improper jury argument.  Finally, based on this record, we cannot agree with appellant that the prosecutor’s brief, incorrect comment during the sentence-stacking hearing caused the trial court to order appellant’s sentences for the two 2002 offenses to run consecutively rather than concurrently.  Accordingly, we conclude that the prosecutor’s improper comments did not affect appellant’s substantial rights.  We overrule appellant’s second issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 15, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
It is undisputed that the sentences arose out of the same criminal episode.