Affirmed and Memorandum Opinion filed February 6, 2007








Affirmed and Memorandum Opinion filed February 6, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00646-CR

____________

 

JOSE SERRANO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 12th
District Court

Walker County, Texas

Trial Court Cause No. 21800

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Jose Serrano, was found guilty of intoxication
manslaughter and was sentenced to five years in prison.  In his two
points of error, appellant contends that the evidence is legally and factually
insufficient to find him guilty of intoxication manslaughter.  We affirm.

I.  Background








Sometime in the early evening of February 5, 2002,
appellant, the decedent Manuel Ramirez Sr., Manuel Ramirez Jr., and Ivan Bautista set out in
search of a goat to barbecue for appellant=s wedding.  Appellant
was driving the vehicle the group was traveling in.  It was raining throughout
the day and the roads were somewhat wet.  About two to three hours into their
trip, on Highway 75 outside of Huntsville, the vehicle left the roadway and
crashed into a tree.  Manuel Ramirez Sr. was killed as a result of the crash. 
All of the other circumstances leading up to and surrounding the wreck are in
dispute.

Officer Christopher Wilhite arrived on the scene at 7:42
p.m.  Appellant was not at the scene when Officer Wilhite arrived.  The officer
found Manuel Ramirez Sr. deceased within the wreckage.  While investigating the
accident, Officer Wilhite observed several beer cans in the car including one
beer can on the driver=s floorboard.  At some point later during
Officer Wilhite=s investigation, Officer Justin Smith
arrived on the scene with appellant.  Officer Wilhite began questioning
appellant about the incident and noticed that appellant had bloodshot eyes,
slurred speech, and an odor of alcohol on his breath.  Based on these
observations, Officer Wilhite performed a field sobriety test which indicated
that appellant was intoxicated.  Appellant was then placed under arrest and
taken to a hospital.  A blood sample was taken from appellant at 10:20 p.m.,
more than three hours after Officer Wilhite had initially arrived on the
scene.  The results of that blood sample test showed appellant=s blood alcohol
concentration to be .12.  Appellant was later arrested and charged with
intoxication manslaughter.

II.  Analysis

In his two points of error, appellant challenges the
sufficiency of the evidence finding him guilty of intoxication manslaughter. 
In order to prove intoxication manslaughter, the State was required to show
that appellant (1) operated a vehicle in a public place while intoxicated, (2)
and by reason of such intoxication, caused the death of another (3) by accident
or mistake.  Tex. Penal Code ' 49.08.  Appellant
argues that the evidence is insufficient to show that he operated a vehicle
while intoxicated.  Appellant also argues that the evidence was insufficient to
establish his intoxication as the cause of Ramirez=s death.








In his first point of error, appellant argues that the
evidence is legally insufficient.   In evaluating the legal sufficiency of the
evidence, we determine whether, when viewing the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Vasquez v.
State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).  This standard of review
applies to both direct and circumstantial evidence cases.  King v. State,
895 S.W.2d 701, 703 (Tex. Crim. App. 1995).  Although we consider all of the
evidence presented at trial, we may not substitute our judgment for that of the
jury.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  The
jury is the exclusive judge of the credibility of the witnesses and the weight
to be given to their testimony, and it is the exclusive province of the jury to
reconcile conflicts in the evidence.  Wesbrook v. State, 29 S.W.3d 103,
111 (Tex. Crim. App. 2000).








After a review of all evidence in favor of the verdict, we
find that a rational trier of fact could have found beyond a reasonable doubt
that appellant was intoxicated when he operated the vehicle involved in the
accident at issue.  AIntoxicated@ is defined in the
Texas Penal Code as either: (1) not having the normal use of mental or physical
faculties or (2) having a blood alcohol concentration of .08 or more.  Tex. Penal Code ' 49.01(2).  The
State offered evidence under both theories to show intoxication.  Several
witnesses testified that when they encountered appellant immediately after the
accident, he had slurred speech, bloodshot eyes, and smelled of alcohol. 
Ramirez Jr., who was also in the car with appellant, testified that appellant
was drinking the entire two to three-hour period he was driving before the
accident.  Officer Wilhite testified that he observed several beer cans in the
car and that appellant failed a field sobriety test administered some time
after the accident.  Most convincingly, the results of appellant=s blood sample
showed an alcohol concentration of .12.  Appellant=s blood sample was
taken more than three hours after the accident occurred.  James Burris, the
forensic toxicologist who examined appellant=s blood sample,
testified that after such a period of time, appellant=s blood alcohol
level would have certainly been eliminating (decreasing), or at the very least,
plateauing (leveling off).  Because appellant has not tried to argue that he
consumed alcohol between the time of the accident and when he gave the blood
sample, the only logical conclusion for the jury to reach was that appellant
had at least a .12 alcohol concentration at the time of the accident.  Under
Texas law, an individual having a blood alcohol of .08 or more is per se intoxicated. 
Id.  For these reasons, we find the evidence legally sufficient for the
jury to have found that appellant was intoxicated while driving.








We also find the evidence legally sufficient to establish
appellant=s intoxicated driving as the cause of Ramirez=s death.  The
Texas Penal Code defines causation as Abut for@ causation.  AA person is
criminally responsible if the result would not have occurred but for his
conduct, operating either alone or concurrently with another cause, unless the
concurrent cause was clearly sufficient to produce the result and the conduct
of the actor clearly insufficient.@  Tex. Penal Code ' 6.04(a).  The State offered several
pieces of evidence supporting the jury=s finding that
Ramirez=s death would not
have occurred but for appellant=s intoxicated driving.  Appellant=s intoxication at
the time of the accident is evidence of causation.  Additionally, Ramirez Jr.
testified that appellant was driving in excess of seventy-five miles per hour
on the wet road and was drinking while driving.  Officer Wilhite, an expert in
accident reconstruction, testified that appellant appeared to have left the
roadway on a straight stretch of road.  Appellant then drove in a ditch
adjacent to the road for some period of time before he eventually Ajerked@ the car back onto
the roadway.  Officer Wilhite further testified that the road did not appear to
have any impediments in it, such as potholes, which might have caused appellant
to leave the roadway.  Officer Wilhite concluded that the accident was the
result of appellant=s intoxication based on these observations
and appellant=s failure of his field sobriety test. Officer Johnson,
another accident reconstructionist, testified that based on his investigation
of the scene of the accident, it took appellant a considerably longer amount of
time to apply the brakes after he left the roadway than it would a Anormal person.@  All of these
facts paint a picture of an accident caused by appellant=s impaired use of
his faculties, one that would have been avoided by an individual operating in a
normal capacity.  Consequently, we hold that a rational jury could have found,
beyond a reasonable doubt, that appellant=s impairment
caused the accident in which Ramirez was killed.  See Garcia v. State,
112 S.W.3d 839, 853-54 (Tex. App.CHouston [14th
Dist.] 2003, no pet.) (finding evidence that the defendant=s intoxication
caused the death of the victim was sufficient where there was evidence that the
defendant was intoxicated while he was driving, hit the reflectors in the road
as he approached complainant, drove in excess of the posted speed, and had a
slow reaction time as evidenced by the length of skid marks); Glauser v.
State, 66 S.W.3d 307, 313 (Tex. App.CHouston [1st
Dist.] 2000, pet. ref=d) (finding sufficient evidence that the
defendant=s intoxication was the cause of death where there was
evidence that the defendant drove thirty‑five miles per hour above posted
speed, hit complainant in a well-lit area without applying the brakes, and was
intoxicated while he was driving).  We overrule appellant=s first point of
error.

In his second point of error, appellant argues that the
evidence is factually insufficient.  When reviewing the factual sufficiency of
the evidence to support a conviction, we view all the evidence in a neutral
light, favoring neither party.  Watson v. State, No. PD‑469‑05,
2006 WL 2956272, at *8 (Tex. Crim. App. Oct. 18, 2006); Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We will set the verdict aside only
if: (1) the evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the fact‑finder=s determination is
clearly wrong and manifestly unjust; or (2) the verdict is against the great
weight and preponderance of the evidence.  Watson, 2006 WL 2956272, at
*8, *10; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We
cannot conclude a conviction is Aclearly wrong@ or Amanifestly unjust@ simply because we
would have voted to acquit. Watson, 2006 WL 2956272, at *8.  In other
words, we may not simply substitute our judgment for the fact‑finder=s.  Johnson,
23 S.W.3d at 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997).  To reverse for factual sufficiency, we must determine, with some
objective basis in the record, that the great weight and preponderance of the
evidence contradicts the verdict.  Watson, 2006 WL 2956272, at *10.  In
examining a factual sufficiency challenge, we defer to the fact-finder=s determination of
the credibility of the evidence.  Swearingen v. State, 101 S.W.3d 89, 97
(Tex. Crim. App. 2003).  








Appellant first argues the evidence proving he was
intoxicated while driving is factually insufficient.  As discussed above, the
State offered evidence showing both that appellant=s blood alcohol
concentration was over the statutorily defined limit for intoxication and that
appellant did not have the normal use of his faculties.  The only evidence
appellant offered on the issue was the testimony of Ivan Bautista that
appellant was not drinking while he was driving, and that immediately after the
accident, appellant did not have bloodshot eyes, did not slur his speech, and
did not appear to be intoxicated.  Appellant also cross-examined all of the
State=s witnesses,
however, we are excluded from determining the credibility of the witnesses.  See
Swearingen, 101 S.W.3d at 97 (AIn examining a
factual sufficiency challenge, we defer to the fact finder=s determination of
the credibility of the witnesses.@)  Viewing all of
this evidence in a neutral light, and keeping in mind our deference to the
trier of fact on issues of credibility, we find that the evidence is factually
sufficient.  








We also find that the evidence supporting the jury=s finding that
appellant=s intoxication caused Ramirez=s death is
factually sufficient.  Appellant offered the testimony of Ivan Bautista, who
stated that appellant did not appear to be intoxicated immediately after the
accident and that the accident was caused by appellant striking a pothole in
the roadway.  Ramirez Jr. also testified that there were holes in the road. 
Officer Wilhite, however, testified that there were no impediments, such as
potholes, in the roadway.  Appellant also points to the fact that it was
raining and that there was water in the road as the cause of the accident. 
After considering the evidence offered by the State proving the causal link
between appellant=s intoxication and the resulting accident,
we do not find that these other asserted causes were clearly sufficient to
cause the accident or that appellant=s intoxication was
clearly insufficient.  See Tex.
Penal Code ' 6.04(a); see also Hale v. State,
194 S.W.3d 39, 42 (Tex. App.CTexarkana 2006, no pet.) (finding that a
stopped or slow-moving car in the road was not clearly sufficient to be the
cause of the accident and that defendant=s intoxication was
not clearly insufficient); Martinez v. State, 66 S.W.3d 467, 470 (Tex.
App.CHouston [1st
Dist.] 2001, pet. ref=d) (finding that the defendant=s driving while
intoxicated at a high rate of speed could not be considered clearly
insufficient to cause the accident despite the vehicle=s defective front
axle and faulty brakes).  We cannot say that the evidence as to causation is so
weak that the jury=s finding was clearly wrong or manifestly
unjust; nor can we say that the verdict is against the great weight and
preponderance of the evidence.  We overrule appellant=s second point of
error.

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed February 6, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).