

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00483-CR

David Michael **MARTIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 54th Judicial District Court, McLennan County, Texas
Trial Court No. 2012-59-C2
The Honorable Matt Johnson, Judge Presiding

Opinion by:　Luz Elena D. Chapa, Justice

Sitting:　　　Catherine Stone, Chief Justice
　　　　　　　Karen Angelini, Justice
　　　　　　　Luz Elena D. Chapa, Justice

Delivered and Filed:　June 18, 2014

AFFIRMED

David Martin was involved in a two-vehicle collision that resulted in the death of a child passenger in the other vehicle. A blood specimen taken from Martin shortly after the collision showed that his blood alcohol concentration ("BAC") was .32 grams of alcohol per 100 milliliters of blood. The State charged Martin with intoxication manslaughter. The indictment alleged Martin operated a vehicle in a public place while intoxicated by not having the normal use of his physical and mental faculties and thereby caused the death of another. *See* TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011). A jury convicted him and assessed punishment at fifteen years'

imprisonment and a $10,000 fine. On appeal, Martin challenges the sufficiency of the evidence supporting his conviction and the trial court's admission of evidence. We affirm.

### SUFFICIENCY OF THE EVIDENCE

Martin contends there was no evidence before the jury that his intoxication caused the collision resulting in the victim's death and that "[i]t appears from the record that, despite Appellant's intoxication, the collision in this case was simply an accident that would have occurred regardless of [Martin's] intoxication."

In conducting a sufficiency review, we do not sit as a "thirteenth juror" by reevaluating the weight and credibility of the evidence in the record. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we view the evidence that was before the jury in the light most favorable to the prosecution. *Runningwolf v. State*, 360 S.W.3d 490, 494 (Tex. Crim. App. 2012). The State had the burden to prove that Martin's intoxication caused the collision and thus the victim's death. *See* TEX. PENAL CODE ANN. § 49.08(a)(2) (West 2011) ("A person commits an offense if the person . . . is intoxicated and by reason of that intoxication *causes* the death of another by accident or mistake."); *Hale v. State*, 194 S.W.3d 39, 42 (Tex. App.—Texarkana 2006, no pet.). It did not have to prove, however, that Martin's intoxication was the sole cause of the collision. *See* TEX. PENAL CODE ANN. § 6.04 (West 2011); *Hale*, 194 S.W.3d at 42. "The existence or nonexistence of such a causal connection is normally a question for the jury's determination." *Hale*, 194 S.W.3d at 42.

The traffic collision between Martin and the other vehicle occurred at an intersection in Waco, Texas. Although he was speeding at the time, the evidence showed that Martin had the green light as he approached the intersection. He then struck the victim's vehicle, whose driver was attempting to turn right on a red light. Martin's theory at trial was that his intoxication could not have "caused" the victim's death because his expert accident reconstructionist testified that the

collision would have been unavoidable due to the other driver's actions. The State's expert accident reconstructionists testified that Martin's level of intoxication would have impaired his reflexes to such a degree that his intoxication was a cause of the collision.

When the State presented evidence that Martin was speeding while intoxicated with a BAC of .32, the State introduced sufficient evidence for the jury to find his intoxication caused the collision, even if the other driver's actions also in some way caused the collision. *See Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010) ("Being intoxicated at the scene of the traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident . . . ."); *Martinez v. State*, 66 S.W.3d 467, 468-69 (Tex. App.— Houston [1st Dist.] 2001, pet ref'd) (holding that evidence showing defendant was speeding, was intoxicated, and had lost control of his vehicle at time of collision was sufficient to support conviction). The fact that Martin's expert witness testified to the contrary does not render the State's evidence of causation insufficient. *See Martinez*, 66 S.W.3d at 469–70; *Sturgis v. State*, No. 05-04-01632-CR, 2006 WL 1624431, at *5 (Tex. App.—Dallas June 13, 2006, no pet.) (mem. op., not designated for publication).

Martin also argues that his expert witness was more credible than the State's witnesses because his expert was more qualified. Martin's argument asks us to dismiss the jury's implied finding that the State's experts were more credible than his own expert. We cannot do so, tasked as we are with viewing the evidence in the light most favorable to the prosecution. *See Isassi*, 330 S.W.3d at 638.

We overrule Martin's first point of error.[1]

---

[1] As part of his sufficiency argument, Martin complains that the indictment did not allege any "driving facts." Martin did not object to the indictment before trial, and he cites no authority supporting his implied argument that the State should have alleged those facts.

**ADMISSION OF EVIDENCE**

In his second point of error, Martin contends that the trial court erred by allowing one of the State's experts to testify about the results of his blood test and by admitting her report into evidence. He contends her testimony and the report were inadmissible as irrelevant and unfairly prejudicial because the indictment against him alleged that he was intoxicated on the theory that he had lost the normal use of his mental and physical faculties (the "impairment theory" of intoxication), but did not allege that he was intoxicated on the theory that his BAC was greater than .08 grams of alcohol per 100 milliliters of blood (the "*per se* theory" of intoxication).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401.

A defendant's BAC near the time of a collision is relevant to whether the defendant had lost the use of his normal physical and mental faculties at the time of the collision. *See State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005) ("Mechler's intoxilyzer results indicate that Mechler had consumed alcohol. As a result, they tend to make it more probable that he was intoxicated at the time of driving under both the per se and impairment definitions of intoxication."); *Henderson v. State*, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) ("[A] blood alcohol level beyond the legal limit, such as appellant's, is probative evidence of a person's loss of his or her faculties."); *Daricek v. State*, 875 S.W.2d 770, 773 (Tex. App.—Austin 1994, pet. ref'd) ("Clearly, a test showing that blood had a 0.10 alcohol concentration is probative evidence of a loss of faculties."). Therefore, the evidence that Martin's BAC was .32 shortly after the collision was relevant because it tended to show that Martin had lost the use of his normal physical and mental faculties as charged in the indictment. *See Mechler*, 153 S.W.3d at 440; *Henderson*, 29 S.W.3d at 622; *Daricek*, 875 S.W.2d at 773. His high BAC—four

times the legal limit—close to the time of the accident also tended to show that his intoxication caused the collision. *See Kuciemba*, 310 S.W.3d at 462.

Relevant evidence is generally admissible, although it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 402, 403. "A proper Rule 403 analysis includes, but is not limited to, four factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *Mechler*, 153 S.W.3d at 440. We are mindful that "Rule 403 does not exclude all prejudicial evidence. It focuses only on the danger of 'unfair' prejudice." *Id.*

In *State v. Mechler*, the Court of Criminal Appeals held that the trial court abused its discretion when it granted a pretrial motion to suppress the results of the defendant's intoxilyzer test. *Id.* at 437, 442. Applying the 403 balancing test, the court reasoned that the first three factors weighed in favor of admissibility. The Court reasoned that the defendant's intoxilyzer results indicated that he had consumed alcohol and were thus "probative of intoxication under both the per se and impairment definitions of intoxication." *Id.* at 440. The Court then reasoned that the evidence "did not have a great potential to impress the jury in an irrational way" because "this evidence relates directly to the charged offense." *Id.* at 440–41. With respect to the time needed to develop the evidence of the intoxilyzer results, the Court reasoned that "[b]ecause the intoxilyzer results relate directly to the charged offense, a jury could not be distracted away from the charged offense regardless of the required time to present the results." *Id.* at 441. The court held that, even though the fourth factor, the State's need for the intoxilyzer results, weighed in favor of suppression, the weight of the first three factors was sufficient to conclude the trial court abused its discretion by suppressing the evidence. *Id.* at 441–42.

Martin argues that evidence of his BAC did not "relate directly to the charged offense" because the indictment against him only alleged the impairment theory of intoxication. He argues that *Mechler* is distinguishable because the defendant in that case was charged under both impairment and *per se* theories of intoxication. We reject his argument because *Mechler*'s analysis does not suggest that, had the defendant been charged only under the impairment theory of intoxication, his intoxilyzer results would not have "directly related to the charged offense." On the contrary, his argument contradicts *Mechler*'s explicit recognition that a defendant's BAC is probative evidence that he had lost the normal use of his mental and physical faculties. *See id.* at 440; *see also Henderson*, 29 S.W.3d at 622; *Daricek*, 875 S.W.2d at 773. Nor does it take into account that his BAC was relevant to causation. *See Kuciemba*, 310 S.W.3d at 462. In our view, *Mechler* compels the conclusion that Martin's BAC was "directly related to the charged offense." *See Mechler*, 153 S.W.3d at 440. Because it was "directly related to the charged offense," that evidence "did not have a great potential to impress the jury in an irrational way" and "a jury could not be distracted away from the charged offense regardless of the required time to present the results." *See id.* at 440–41. And even if the State did not have a great need for evidence of Martin's BAC to prove its case, we conclude that the weight of the other factors requires us to hold that the trial court did not abuse its discretion by admitting Martin's BAC into evidence. *See id.* at 441–42.

We overrule Martin's second point of error.

### CONCLUSION

The judgment of the trial court is affirmed.

Luz Elena D. Chapa, Justice

Do Not Publish