

# NUMBER 13-15-00380-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**THOMAS WAYNE RIORDAN,**                                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                     **Appellee.**

## On appeal from the 36th District Court
## of San Patricio County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Rodriguez**

A jury convicted Thomas Wayne Riordan of one count of intoxication assault, a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.07(a) (West, Westlaw through 2015 R.S.). The trial court sentenced Riordan to eight years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice and assessed a $5,000

fine.   In a single issue, Riordan contends that the evidence is insufficient to support his conviction.   We affirm.

## I.   BACKGROUND

It is undisputed that on June 27, 2013, at approximately 5:15 p.m., while driving his vehicle west on State Highway 188 in San Patricio County, Riordan failed to stop at the four-way stop intersection of Highway 188 and Farm to Market Road136.   Riordan's vehicle collided with a vehicle driven by Joshua Bridges, who suffered serious bodily injuries as a result of the collision.

Dwayne Hinojosa, a State Trooper for the Texas Department of Public Safety, testified that he was dispatched to the accident; the day was hot, sunny, dry, and clear. According to Trooper Hinojosa, the highways "are straightaways leading up to the four-way intersection."   He explained that the intersection was "marked with four big red stop signs" and agreed that the stop signs had blinking red lights on them.   He also testified that, at that time and in the direction Riordan was traveling, there was a red blinking light and a roadside warning sign indicating there was a stop sign ahead.

Trooper Hinojosa testified that when he spoke to Riordan at the scene of the accident, he "detected a heavy odor of an alcoholic beverage emit from his person" and "saw bloodshot, glassy eyes, which is another indicator of alcohol in someone's system." He also testified that Riordan "stepped with unsure footing."

Following these observations, Trooper Hinojosa performed the standardized field sobriety test on Riordan.   Trooper Hinojosa identified all six clues of intoxication for the

horizontal gaze nystagmus portion of the test.[1]  He testified that when Riordan was placed in his unit "the odor of an alcoholic beverage got even more intense," explaining on cross-examination that this was not the result of spilt beer.  Trooper Hinojosa also described State's Exhibit 1 as two pictures of Riordan's truck:  one showing a 12-ounce Miller Lite beer can in a Koozie on the ground below the door of the truck and the second showing a 12-ounce Miller Lite can inside the truck.  According to Trooper Hinojosa, Riordan consented to a blood draw.  Testimony at trial revealed a blood alcohol content of 0.133.    Trooper Hinojosa offered his opinion as to what caused this accident.  He testified "the contributing factor here was intoxication."

Riordan testified that he was unfamiliar with the road on which he was driving. Riordan explained that he had on green-lens sunglasses and when he got to the intersection, the lights looked like yellow, blinking caution lights:  he thought he had the right of way.  As he got closer to the intersection, Riordan realized "it was not blinking yellow lights.  So [he] slammed on the brakes, and it was too late."  Riordan also testified that he did not see any stop sign because the sun was "right there in the road."  He saw a yellow, flashing light, which Riordan agreed was a hanging light.  According to Riordan, there were no blinking lights on the stop signs.

Finally, Riordan testified that he had a few beers that day—less than six beers; he denied being intoxicated.  Riordan also did not think that the beer can found on the

---

[1] Testimony revealed that because Riordan had either a prior knee injury or a broken leg and he could "hardly walk," Trooper Hinojosa did not administer the "walk-and-turn and the one-leg stand" standardized field sobriety tests.

3

ground outside his truck was his. And although he acknowledged that there was a beer can on the console inside his truck, Riordan testified, "I wouldn't say I was drinking it."

Riordan was charged with intoxication assault. He entered a plea of not guilty. The jury convicted Riordan, and the trial court sentenced him to eight years' incarceration. This appeal followed.

## II. STANDARD OF REVIEW

Courts of appeal review the sufficiency of evidence establishing the elements of a criminal offense for which the State has the burden of proof under the single sufficiency standard set out in *Jackson v. Virginia*. 443 U.S. 307, 319 (1979); *see also Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013).

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt.

*Gear v. State,* 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (*citing Jackson,* 443 U.S. at 318–19); *see Matlock,* 392 S.W.3d at 667. When viewing the evidence in the light most favorable to the verdict, "the reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *see also Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

Additionally, the sufficiency of the evidence adduced at trial is "measured against the elements of the offense as defined by a hypothetically correct jury charge." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). The hypothetically correct jury

4

charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

### III. APPLICABLE LAW

A person commits the offense of intoxication assault if, by accident or mistake, "while operating a motor vehicle in a public place while intoxicated, by reason of that intoxication causes serious bodily injury to another." *See* TEX. PENAL CODE ANN. § 49.07(a)(1). Under the Texas Penal Code, "intoxication" is defined as not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body. *Id.* § 49.01(2)(A) (West, Westlaw through 2015 R.S.).

"A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." *See id.* § 6.04(a) (West, Westlaw through 2015 R.S.). In other words, when concurrent causes are present, the "but for" requirement under the Texas Penal Code is satisfied when either (1) the accused's conduct is sufficient by itself to have caused the harm; or (2) the accused's conduct coupled with another cause is sufficient to have caused the harm. *Id.*; *see Robbins v. State*, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986) (en banc) (op. on reh'g); *Martinez v. State,* 66 S.W.3d 467, 471 (Tex. App.—

5

Houston [1st Dist.] 2001, pet. ref'd). The State was required to prove that Riordan's intoxication, and not just his operation of a vehicle, caused the serious injury. *See Wooten v. State,* 267 S.W.3d 289, 295 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *see also Glauser v. State,* 66 S.W.3d 307, 313 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (op. on reh'g en banc) (determining evidence was sufficient to prove causation by appellant's intoxication because testimony reflected that someone in "full command of his mental and physical faculties while driving" at the rate of speed the appellant claimed to have been driving would have been able to avoid hitting the disabled vehicle).

Moreover, whether such a causal connection exists is normally a question for the jury's determination. *See Hardie v. State,* 588 S.W.2d 936, 939 (Tex. Crim. App. 1979); *see also Wooten,* 267 S.W.3d at 295. A jury may draw reasonable inferences regarding the ultimate facts from basic facts. *Lacour v. State*, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000) (en banc). Because the jury was free to believe or disbelieve any portion of the testimony, we are to presume that the jury resolved conflicts regarding causation in favor of the prevailing party. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (en banc).

## IV. DISCUSSION

In his sole issue, Riordan claims that the evidence was not sufficient to support the judgment of guilt. Challenging only the causation element of the offense, Riordan contends that "the evidence presented at trial that [his] intoxication caused the intoxication assault [was] insufficient to support the guilty finding." He argues that the evidence was insufficient because the State offered no evidence of how his intoxication caused the

6

accident. Instead, Riordan testified to other possible causes of the accident, for example, his unfamiliarity with the road, the sun setting in the direction he was driving, and his mistaken belief that, because he was wearing sunglasses with green lenses, the flashing, intersection lights were yellow, not red. Riordan contends that any of these alternate causes were sufficient to cause the harm in this case.

First, we conclude that based on the evidence set out above, a reasonable fact finder could have found beyond a reasonable doubt that "but for" Riordan's intoxication and his operation of a motor vehicle on a public street, the serious bodily injury of another would not have occurred. *See* TEX. PENAL CODE ANN. § 6.04(a). The jury may have drawn reasonable inferences from the evidence that "but for" Riordan's intoxication he would have stopped. *See Lacour*, 8 S.W.3d at 671. The jury could have inferred that Riordan's intoxication caused the harm because testimony reflected that someone who was not intoxicated would have seen the flashing light, looked for and noticed the warning and stop signs, determined the flashing light was red and not yellow, and realized that this was a four-way stop intersection, at which the driver needed to stop. *See Glauser*, 66 S.W.3d at 313. And the jury was free to believe Trooper Hinojosa's testimony regarding the location of the stop signs, the warning sign, and the flashing red lights and disbelieve those portions of Riordan's testimony, resolving conflicts regarding causation in favor of the State. *See Sharp*, 707 S.W.2d at 614. We must defer to the jury's credibility and weight determinations. *See Brooks*, 323 S.W.3d at 899.

But even if Riordan's unfamiliarity with the road, his green-lens sunglasses, the sun, and the location of the flashing lights and signs contributed in some way to the

7

accident, we cannot conclude that they were clearly sufficient to cause the serious injuries in this case. *See* TEX. PENAL CODE ANN. § 6.04(a); *Robbins*, 717 S.W.2d at 351; *Martinez,* 66 S.W.3d at 471. Instead, we would conclude that Riordan's intoxication and his driving on a public highway coupled with one or more of these other alleged causes was sufficient to have caused serious bodily injury to Bridges. *See* TEX. PENAL CODE ANN. §§ 6.04(a), 49.07(a); *Robbins*, 717 S.W.2d at 351; *Martinez,* 66 S.W.3d at 471.

In sum, considering all of the evidence in a light most favorable to a verdict, the State presented sufficient evidence for the jury to find all elements of intoxication assault. *See Gear*, 340 S.W.3d at 746 (*citing Jackson*, 443 U.S. at 318–19). We overrule Riordan's sole issue.

## V. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of July, 2016.

8