ACCEPTED
12-15-00095-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/31/2015 4:54:59 PM
CATHY LUSK
CLERK

**12-15-00095-CR**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/31/2015 4:54:59 PM
CATHY S. LUSK
~~Clerk~~

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

## GLYNDA DENISE MORROW

### Appellant,

### v.

## THE STATE OF TEXAS

### Appellee

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-1551-14

## ORAL ARGUMENT NOT REQUESTED

Austin Reeve Jackson
JLawAppeals@gmail.com
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile:  (866) 387-0152

## IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Melvin Thompson
2108 S. Wall Ave.
Tyler, TX 75701

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................................... ii

TABLE OF CONTENTS ................................................................................................... iii

INDEX OF AUTHORITIES ............................................................................................. iv

STATEMENT OF THE CASE ........................................................................................... 2

ISSUES PRESENTED ....................................................................................................... 2

STATEMENT OF FACTS ................................................................................................. 2

SUMMARY OF THE ARGUMENT ................................................................................. 4

ARGUMENT ...................................................................................................................... 4

    I.     **JURISDICTION** ................................................................................. 4

    II.    **THERE WERE NO ERRORS IN *VOIR DIRE*** ........................... 5

    III.   **THE EVIDENCE WAS LEGALLY SUFFICIENT TO SUPPORT THE VERDICT** .......................................................... 6

           Intoxication ................................................................................. 7

           The DPS Blood Test .................................................................. 7

           Causation ................................................................................... 9

    IV.    **PUNISHMENT** ............................................................................... 12

    V.    **EFFECTIVE ASSITANCE OF COUNSEL** ................................ 13

CONCLUSION AND PRAYER ....................................................................................... 14

CERTIFICATE OF COUNSEL ...................................................................................... 15

CERTIFICATE OF SERVICE ........................................................................................ 15

CERTIFICATE OF COMPLIANCE ............................................................................... 16

# INDEX OF AUTHORITIES

**UNITED STATES SUPREME COURT:**

*Anders v. California,*
  386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).....................................4, 14, 15

*Jackson v. Virginia,*
  443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)....................................6, 11

*Missouri v. McNeely,*
  ___U.S. ___, 133 S.Ct. 152 (2013).................................................................8

*Strickland v. Washington,*
  466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984)................................13

**TEXAS COURT OF CRIMINAL APPEALS:**

*Brooks v. State,*
  990 S.W.2d 278 (Tex.Crim.App. 1999) .......................................................8

*Brooks v. State,*
  323 S.W.3d 893 (Tex.Crim.App. 2010) .......................................................6

*Cain v. State,*
  958 S.W.2d 404 (Tex.Crim.App. 1997) .......................................................11

*Cannon v. State,*
  668 S.W.2d 401 (Tex.Crim.App. 1984) .......................................................14

*Curry v. State,*
  30 S.W.3d 394 (Tex.Crim.App. 2000) .........................................................9

*Dewberry v. State,*
  4 S.W.3d 735 (Tex.Crim.App. 1999) ...........................................................9

## TEXAS COURT OF CRIMINAL APPEALS (CON'T):

*Gamboa v. State,*
   296 S.W.3d 574 (Tex.Crim.App. 2009) .......................................................5

*Gonzales v. State,*
   353 S.W.3d 826 (Tex.Crim.App. 2011) .......................................................5

*Harris v. State,*
   656 S.W.2d 481 (Tex.Crim.App. 1983) .......................................................12

*Hernandez v. State,*
   988 S.W.2d 70 (Tex.Crim.App. 1999) .......................................................13

*Johnson v. State,*
   614 S.W.2d 148 (Tex.Crim.App. 1981) .......................................................12

*Johnson v. State,*
   871 S.W.2d 183 (Tex.Crim.App. 1993) .......................................................6

*Jones v. State,*
   982 S.W.2d 386 (Tex.Crim.App. 1998) .......................................................5

*Jordan v. State,*
   495 S.W.2d 949 (Tex.Crim.App. 1973) .......................................................12

*King v. State,*
   29 S.W.3d 556 (Tex.Crim.App. 2002) .......................................................9

*Kuciemba v. State,*
   310 S.W.3d 460 (Tex.Crim.App. 2010) .......................................................11

*Miniel v. State,*
   831 S.W.2d 310 (Tex.Crim.App. 1992) .......................................................13

*Moore v. State,*
   694 S.W.2d 528 (Tex.Crim.App. 1985) .......................................................13

*Murray v. State,*
   302 S.W.2d 874 (Tex.Crim.App. 2009) .......................................................4

**TEXAS COURT OF CRIMINAL APPEALS (CON'T):**

*Rhodes v. State*,
  934 S.W.2d 113 (Tex.Crim.App. 1996) ........................................................ 12

*Robbins v. State*,
  717 S.W.2d 348 (Tex.Crim.App. 1986) ........................................................ 10, 11

*Rodriguez v. State*,
  899 S.W.2d 658 (Tex.Crim.App. 1995) ........................................................ 14

*Stafford v. State*,
  813 S.W.2d 503 (Tex.Crim.App. 1991) ........................................................ 14


**TEXAS COURTS OF APPEAL:**

*Aviles v. State*,
  443 S.W.3d 291 (Tex.App.—San Antonio 2014)......................................... 8

*Beltran v. State*,
  99 S.W.3d 807 (Tex.App.—Houston [14th Dist.] 2003).............................. 5

*Castaneda v. State*,
  135 S.W.3d 719 (Tex.App.—Dallas 2003) .................................................. 12

*Garcia v. State*,
  112 S.W.3d 839 (Tex.App.—Houston [14th Dist.] 2003)............................. 10

*Garcia v. State*,
  04-14-00002-CR, 2015 WL 5042143 (Tex.App.—San Antonio 2015)........ 9 n.3

*Gentry v. State*,
  12-13-00168-CR, 2014 WL 4215544 (Tex.App.—Tyler 2014) ................... 8

*Graves v. State*,
  176 S.W.3d 422 (Tex.App.—Houston [1st Dist.] 2004) .............................. 12

*In re Jarvis*,
  431 S.W.3d 129 (Tex.App.—Houston [14th Dist.] 2013)........................... 8 n.2

**TEXAS COURTS OF APPEAL (CON'T):**

*Kirk v. State,*
  949 S.W.2d 769 (Tex.App.—Dallas 1997) ...................................................... 12

*Kirsch v. State,*
  276 S.W.3d 579 (Tex.App.—Houston [1st dist.] 2008) ............................... 8 n.2

*Martinez v. State,*
  66 S.W.3d 467 (Tex.App.—Houston [1st Dist.] 2001) ................................. 10, 11

*Mays v. State,*
  904 S.W.2d 290 (Tex.App.—Fort Worth 1995)............................................. 4

*Railsback v. State,*
  95 S.W.3d 473 (Tex.App.—Houston [1st Dist.] 2002) .................................. 9

*Wooten v. State,*
  267 S.W.3d 289 (Tex.App.—Houston [14th Dist.] 2008)............................. 9, 10

**STATUTES:**

TEX. CODE CRIM. PROC. art. 4.05 ..................................................................... 4

TEX. PEN. CODE § 12.33.................................................................................... 12

TEX. PEN. CODE § 49.08..........................................................................*passim*

TEX. R. APP. P. 33.1 ....................................................................................... 5, 12

TEX. R. APP. P. 44.2 ......................................................................................... 8

TEX. TRANSP. CODE § 724.012........................................................................ 7

**12-15-00095-CR**

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**GLYNDA DENISE MORROW**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-1551-14

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Glynda Morrow, and files this brief pursuant to the Texas Rules Of Appellate Procedure, and would show the Court as follows:

## STATEMENT OF THE CASE

Glynda Morrow seeks to appeal her conviction and sentence for the offense of intoxication manslaughter. (I CR 177). Ms. Morrow was indicted for this offense in December of 2014 and in March of this year entered a plea of "not guilty" and proceed to trial by jury in the 114th District Court of Smith County. (I CR 177). Ultimately, Ms. Morrow was convicted and sentenced to serve a term of ten years' confinement. (*Id*.). Sentence was pronounced on 2 April 2015 and notice of appeal then timely filed. (I CR 177, 202).

## ISSUES PRESENTED

Counsel has reviewed the appellate record in this cause and reluctantly concludes that as a matter of professional judgment the record contains no reversible error and no jurisdictional defects are present. Where counsel concludes that there are no arguable grounds for reversal, he is required to present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Ganious v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).

## STATEMENT OF FACTS

In July of last year, Mr. Michael Byers was sitting in his front yard with a family member when they heard tires screeching followed by a loud crash. (IV RR 53). The men went to the area from which the sound had come and they discovered a vehicle had run off the road and collided with a tree in such a way that it

was "pretty much, like, on the tree – like, wrapped around the tree."  (IV RR 54). They found the driver, Appellant, Ms. Glynda Morrow, pinned into the driver's seat in a state of semi-consciousness.  (IV RR 56).  They then noticed a young girl in the back of the vehicle, L.S., who appeared to be "already a little bluish-looking" and had no pulse.  (IV RR 60).  After she arrived at the hospital it was determined that L.S. had suffered multiple severe injuries, any one of which was life threatening on its own and the combination of which did cause her death that evening.  (IV RR 224-25).

Ms. Morrow, who was also taken to the hospital, had blood draws done for both purposes of medical treatment and for investigative purposes.  (IV RR 47; V RR 35).  Both tests showed her blood alcohol level was in the range of twice the legal limit, and the hospital testing also revealed recent marijuana use.  (*Id*.; V RR 136-41).  For this reason, Ms. Morrow was charged with the offense of intoxication manslaughter.  (I CR 7).

To this charge Ms. Morrow elected to enter a plea of "not guilty" and proceed to trial by jury.  (I CR 177).  After hearing the evidence before it, the jury convicted Ms. Morrow and sentenced her to serve a term of ten years' confinement and to pay a fine of $5,000.  (*Id*.).  Sentence was pronounced on 2 April 2015 and notice of appeal then timely filed.  (I CR 177, 202).

3

## SUMMARY OF ARGUMENT

In accordance with the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), counsel has reviewed the record and determined that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Under circumstances where there appears to be no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion. *See Mays v. State*, 904 S.W.2d 290, 922-23, (Tex.App.—Fort Worth 1995, no pet.).

## ARGUMENT

### I. JURISDICTION

Under Texas law intoxication manslaughter is a felony offense. (I CR 7); TEX. PEN. CODE § 49.08 (Vernon 2013). Therefore, jurisdiction properly rested with the 114th District Court of Smith County, Texas. *See* TEX. CODE CRIM. PROC. ANN. Art. 4.05 (Vernon 2007) (stating that district courts shall have original jurisdiction in felony criminal cases); *Murray v. State*, 302 S.W.2d 874, 877 (Tex.Crim.App. 2009). Additionally, because it alleged all of the essential elements of the charged offense, the indictment returned in this case provided Ms. Morrow with sufficient notice of the offense with which she was charged. (I CR 7); *see also* TEX. PEN. CODE § 49.08 (elements of the offense). Consequently, no error regarding the trial court's jurisdiction can be advanced.

4

## II. **THERE WERE NO ERRORS IN *VOIR DIRE*.**

Counsel has reviewed that portion of the record pertaining to *voir dire* for errors and has found none. (III RR *gen*.). Even if there was an error regarding jury selection that had been preserved, a trial court's decision to grant a challenge for cause is subject to great deference by an appellate court and will be reversed "only if a clear abuse of discretion is evident." *Gonzales v. State*, 353 S.W.3d 826, 831 (Tex.Crim.App. 2011). On this record there does not appear a basis on which to argue that a clear abuse of discretion could be shown based on potential jurors responses to questions from counsel, but, just as importantly, Ms. Morrow cannot show that if there was an erroneous excusal of any of the potential jurors, that error resulted in a jury being impaneled that was not lawfully constituted. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex.Crim.App. 2009); *Jones v. State*, 982 S.W.2d 386, 394 (Tex.Crim.App. 1998). Consequently, the Court would have to overrule any argument made as to this issue on appeal. *Jones*, 982 S.W.2d at 393. Finally, the record does not present any objections to statements or actions by the State that would warrant a reversal of Appellant's conviction on appeal. *See* TEX. R. APP. PROC. 33.1; *Beltran v. State,* 99 S.W.3d 807, 811-12 (Tex.App.—Houston [14th Dist.] 2003, pet. ref'd).

5

## III.  THE EVIDENCE WAS LEGALLY SUFFICIENT TO SUPPORT THE VERDICT.

The standard enunciated in *Jackson v. Virginia*[1] is the one by which sufficiency of the evidence challenges are measured.  *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010).  That is, in order to be legally sufficient the evidence at trial must support a rational conclusion that each element of the charged offense was proved beyond a reasonable doubt.  *Johnson v. State*, 871 S.W.2d 183, 186 (Tex.Crim.App. 1993).  Under this standard the record is reviewed in the light most favorable to the verdict.  *Id.*

To prove the offense alleged the State was required to prove that on or before the date in the indictment:

1.  In Smith County, Texas;

2.  Glynda Morrow;

3.  While intoxicated as a result of consuming drugs, alcohol, or a combination of the two;

4.  Caused the death of L.S.;

5.  By losing control of the motor vehicle in which they were both occupants.

(I CR 7); TEX. PEN. CODE § 49.08.

There was no dispute that the actions giving rise to the instant allegation occurred, if at all, within the time period alleged and within Smith County.  Nor was

---

[1] 443 U.S. 307, 315-16, 99 S.Ct. 2781, 2786-87, 61 L.Ed.2d 560 (1979).

6

there any argument made as to the identity of the defendant. Instead, Ms. Morrow focused her argument primarily on whether she had been intoxicated at the time she was driving and then whether the State had proved that L.S. died as the result of an accident caused by her intoxication.

Intoxication

To prove that Ms. Morrow was intoxicated the State offered evidence from several sources. First, there was testimony that those who first responded to the scene of the accident observed the odor of alcohol on Ms. Morrow's person. (IV RR 314-15, 376, 377; V RR 41, 55, 70-71, 163). There was also testimony from Ms. Morrow's own witnesses that she had consumed alcohol that day, albeit in a limited quantity. (V RR 149).

The DPS Blood Test

Another piece of evidence on which the State relied to prove intoxication was a blood alcohol test done at the behest of the investigating DPS officer. (II RR 37). The blood draw was done pursuant to Texas' implied consent law. (*Id*.); TEX. TRANSP. CODE § 724.012(b). At trial, Ms. Morrow raised an objection to the introduction of this evidence as part of a suppression hearing held prior to jury selection. (II RR *gen*.). The trial court overruled the objection and denied the motion to suppress. (III RR 9).

It appears that there may be a legitimate issue to be raised on appeal relating to the trial court's ruling on this issue. *See, e.g., Missouri v. McNeely*, ___ U.S. ___, 133 S.Ct. 1552, 1559 (2013) (calling into question the legality of implied consent statues); *Aviles v. State*, 443 S.W.3d 291, 294 (Tex.App.—San Antonio 2014, pet. filed); *Gentry v. State*, 12-13-00168-CR, 2014 WL 4215544 at *4 (Tex.App.—Tyler Aug. 27, 2014, pet. filed) (not designated for publication) (both holding that Texas' mandatory blood draw scheme does not survive *McNeely*). However, the same evidence was also properly placed before the jury as a result of blood testing done by the hospital as part of its treatment of Ms. Morrow.[2] (IV RR 47). Thus, even assuming that the trial court erred in allowing the admission of the blood test drawn on the order of DPS, because the same evidence was properly admitted elsewhere no reversible error could be shown. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex.Crim.App. 1999); *see also* TEX. R. AP. PROC. 44.2(b) (evidence erroneously admitted is subject to a harm analysis and will only be reversible error where

---

[2] To the admission of the hospital records Ms. Morrow objected only on the basis that they violated her rights under HIPAA. (IV RR 46-47). This though is not a valid objection as "[Federal] HIPAA provisions do not create a privilege against production or admission of evidence; they merely create a procedure for obtaining protected medical records in litigation." *In re Jarvis*, 431 S.W.3d 129 (Tex.App.—Houston [14th Dist.] 2013, orig. proceeding); *see also Kirsch v. State*, 276 S.W.3d 579, 586-87 (Tex.App.—Houston [1st Dist.] 2008) (same).

it affects the defendant's substantial rights). Thus this error by the trial court, if any, is not advanced in the instant appeal.[3]

Consequently, at a minimum, as a result of the properly admitted blood tests from the hospital the jury had before facts indicating both that Ms. Morrow's blood alcohol content was substantially above the legal limit and that it also contained marijuana. (IV RR 192; V RR 136-41). Such evidence is sufficient to establish intoxication. *See Railsback v. State*, 95 S.W.3d 473, 479 (Tex.App.—Houston [1st Dist.] 2002, pet. ref'd) (a .08 blood alcohol level at the time of driving constitutes intoxication); *see also King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2002) (on appeal court will not reweigh evidence); *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999) (same); *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000) (any inconsistencies that may be present are resolved in favor of the verdict).

Causation

To prove intoxication manslaughter the State must prove, by reason of the defendant's intoxication, that the defendant caused the death of another. TEX. PEN. CODE § 49.08(a); *Wooten v. State*, 267 S.W.3d 289, 294-95 (Tex.App.—Houston [14th Dist.] 2008, pet. ref'd). That is, the State must prove not merely that the op-

---

[3] In an unpublished opinion the Fourth Court of Appeals just five days ago addressed this exact scenario and held: 1. The trial court erred in permitting the introduction of the DPS-related blood draw but, 2. That error was harmless as the same evidence was properly admitted through medical records showing blood draws done by the hospital as part of their treatment of the defendant. *Garcia v. State*, No. 04-14-00002-CR, 2015 WL 5042143, *3-5 (Tex.App.—San Antonio Aug. 26, 2015, no pet.).

eration of the vehicle caused the death but that the defendant's intoxication had a causal connection to the victim's death. *Wooten*, 267 S.W.3d at 295. This connection may be proved by circumstantial evidence and need not be the exclusive cause of death. *Robbins v. State*, 717 S.W.2d 348, 351 (Tex.Crim.App. 1986); *Garcia v. State,* 112 S.W.3d 839, 852 (Tex.App.—Houston [14th Dist.] 2003, no pet.).

In her defense, Ms. Morrow argued that the accident was not caused by her intoxication but by environmental factors outside her control:

> I believe the evidence is going to show that [Ms. Morrow] was going approximately 58 in a 50 on a highway that she was thoroughly familiar with around curves that she had negotiated hundreds of times in the past.

> But there was one intervening factor that had not previously existed: A wet highway.

(IV RR 30).

That the road conditions were wet and not the best was an allegation supported by multiple witnesses although they varied in their descriptions of just how wet the road was. (IV RR 55, 73, 93, 104, 137). Also, there was evidence that if Ms. Morrow was speeding it was not by much. (IV RR 155; V RR 19).

A wet, dangerous road can be a contributing factor to an accident. *See Martinez v. State*, 66 S.W.3d 467, 469-70 (Tex.App.—Houston [1st Dist.] 2001, pet. ref'd). Again, though, the State was not required to prove that Ms. Morrow's intoxication was the sole cause of the accident that resulted in death. *Robbins*, 717

S.W.2d at 351. Rather, the State and the jury were permitted to consider all the evidence admitted at trial. *Id*. In this case, considering the totality of that evidence, the jury could conclude, as the Court of Criminal Appeals has done in similar circumstances, that the evidence was sufficient to establish causation. *See, e.g., Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex.Crim.App. 2010) ("Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident, and the inference of causation is even stronger when the accident is a one-car collision with an inanimate object."); *see also Martinez*, 66 S.W.3d at 468-69 (holding evidence showing defendant was speeding, intoxicated, and had lost control of his vehicle was sufficient to support his conviction); *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997) (an appellate court cannot reweigh evidence and set aside a verdict merely because it believes a different result is ore desirable or reasonable).

Thus, taking the record before the Court as a whole and viewing the evidence in the light most favorable to the jury's verdict, it cannot be said on appeal that the evidence was legally insufficient to support the judgment rendered at trial. *See Jackson*, 443 U.S. at 319 (standard of review).

## IV. PUNISHMENT.

As alleged, the offense of intoxication manslaughter is a second degree felony. TEX. PEN. CODE § 49.08(b). Thus, the range of punishment was two to twenty years' confinement and a fine of up to $10,000. TEX. PEN. CODE § 12.33. Consequently, although the issue of cruel or excessive punishment was not raised at the time sentence was imposed and, therefore, has been waived on appeal, *see* TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.—Dallas 2003, no pet.), because the ten year and $5,000 dollar sentence imposed was within the statutory punishment range for the offense it is presumptively not constitutionally cruel and unusual under these circumstances. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex.App.—Dallas 1997, pet. ref'd); *see also Harris v. State*, 656 S.W.2d 481, 486 (Tex.Crim.App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App. 1973). Moreover, that the sentence imposed was half of what had been the potential maximum punishment, any argument that the punishment was cruel or excessive would be difficult to make. *See, e.g., Graves v. State*, 176 S.W.3d 422, 435 (Tex.App.—Houston [1st Dist.] 2004, pet. struck) (holding that a sentence on the lower end of the punishment range tended to indicate a lack of egregious harm where error in punishment charge was present). Consequently, counsel has been

unable to raise a non-frivolous error on the issue of punishment on the record currently before the Court.

## V. EFFECTIVE ASSISTANCE OF COUNSEL.

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999).  To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different.  *Strickland*, 466 U.S. at 687-88.  On appeal, the defendant carries the burden of proving ineffective assistance by a preponderance of the evidence.  *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985).  Trial counsel's performance is not to be judged with the benefit of hindsight.  *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

With the *Strickland* standard in mind, counsel has reviewed the record before the court and found no conduct that would rise to the level of rendering trial counsel's assistance ineffective.  *See, e.g., Johnson v. State*, 614 S.W.2d 148, 152 (Tex.Crim.App. [Panel Op.] 1981) (holding that, on appeal, courts will not second-guess reasonable trial decisions).  In fact, trial counsel made timely and proper objections to potentially harmful blood test results (II RR *gen*.) and was successful,

despite damaging evidence at punishment, at obtaining a sentence significantly less than that which one often sees in similar Smith County cases. *See Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984) (burden is on defendant to establish ineffective assistance); *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex.Crim.App. 1995) (a review of counsel's actions looks to the record as a whole and not merely at isolated incidents). As such, no error relating to the assistance rendered by trial counsel can be advanced on direct appeal.

## CONCLUSION AND PRAYER

As counsel was unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

WHEREFORE, PREMISES CONSIDERED, counsel prays that the Court, after affording Ms. Morrow the opportunity to review the record and file a *pro se* brief should she desire to do so, accept this brief and grant the attached Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967).

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF COUNSEL

The attorney's role as an advocate requires that I support my client's appeal to the best of my ability. *Anders v. California*, 386 U.S. 738. I, Austin Reeve Jackson, counsel of record in this appeal, do hereby state that I have diligently searched the entire record in this cause. I have researched the law applicable to the facts and issues contained therein, and it is my professional opinion that the record reflects no reversible error. In conformity with the applicable law pertaining to an appeal of this nature, I have set forth any potential grounds of error and have briefed them to the extent possible. I have further caused a copy of this brief to be served by certified mail on the Appellant, accompanied by a letter informing the Appellant of the right to examine the record for the purpose of filing a *pro se* brief.

/s/ Austin Reeve Jackson

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Brief was delivered to counsel for the State by efile concurrently with its filing and a copy of the same delivered to Appellant by certified, first-class mail.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 3,333 words.

/s/ Austin Reeve Jackson

16