Ernie W. HARDIE, Appellant,

v.

The STATE of Texas, Appellee.

No. 59337.

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 31, 1979.

Earle Cobb, Jr., San Antonio, for appellant.

Bill M. White, Dist. Atty., Fred G. Rodriguez, C. Michael Schill, and Gail Dalrymple, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for involuntary manslaughter under V.T.C.A. Penal Code, Section 19.05(a)(2).[1] Punishment, enhanced by a prior conviction, was assessed at 16 years imprisonment.

Appellant contends that the trial court erred in its jury charge, the evidence was insufficient on the issues of intoxication and causation, the State failed to prove any intoxication was voluntary, and the 16-year sentence constitutes cruel and unusual punishment. After examining each of appellant's contentions, we conclude that the judgment should be affirmed.

■ Appellant urges error because the trial court in its jury charge required no finding that appellant acted with a culpable mental state. This Court previously has concluded that proof of a culpable mental state is unnecessary where intoxication is an essential element of the offense. *Ex parte Ross*, 522 S.W.2d 214 (Tex.Crim.App. 1975). Since intoxication is an essential

element of involuntary manslaughter under V.T.C.A. Penal Code, Section 19.05(a)(2), the trial court correctly required no finding of a culpable mental state.

■ Relying on Article 21.15, V.A.C.C.P., appellant complains that the State should have alleged and proved the act or acts relied upon to constitute recklessness or criminal negligence. By its own terms, Article 21.15 applies only where "recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense." As we indicated above, a culpable mental state is not an essential element of involuntary manslaughter under Section 19.05(a)(2). *Ex parte Ross*, supra. Therefore, Article 21.15 is inapplicable to this type of involuntary manslaughter.

■ Appellant claims that a fatal variance exists between the indictment and the court's charge to the jury. The indictment alleges, in part, that appellant "did then and there WHILE INTOXICATED, KNOWINGLY AND INTENTIONALLY OPERATE A MOTOR VEHICLE." The court's charge deviated from the indictment by not requiring a finding that appellant acted "knowingly and intentionally." Defense counsel objected to this variance, and the issue is adequately preserved for review.

As a general rule, the trial court's charge to the jury should correspond to the allegations in the indictment. *Booker v. State*, 523 S.W.2d 413 (Tex.Cr.App.1975); *Gooden v. State*, 145 S.W.2d 177 (Tex.Cr.App.1940). In this case, however, a culpable mental state is not an element of the offense, so the State need not have alleged "knowingly and intentionally" in the indictment. *Ex parte Ross*, supra. This unnecessary allegation was surplusage, which the trial court

1. V.T.C.A. Penal Code, Section 19.05(a)(2):
  (a) A person commits an offense if he: . .

(2) by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual.

properly excluded from its charge to the jury. *Beck v. State*, 172 Tex.Cr.R. 534, 360 S.W.2d 410 (1962); *Corbell v. State*, 508 S.W.2d 86 (Tex.Cr.App.1974). The court instructed the jury as to all essential elements of the offense. We hold that the trial court did not err.

■ Appellant challenges the sufficiency of the evidence on the issue of intoxication. An examination of the record reveals more than enough evidence for the jury to conclude that appellant was intoxicated. Rudolpho Ponce, an eyewitness to the fatal accident, testified that appellant's car crossed the center median and then veered back to the right side of the highway where it left the road and struck a pedestrian. Ponce further testified that he spoke with appellant after the accident, and because of the way appellant walked and talked he believed appellant to be intoxicated.

The first police officer to arrive at the scene was Joseph Phillips. Officer Phillips testified that appellant smelled strongly of intoxicants, had bloodshot eyes, was swaying, and in his opinion was intoxicated. Phillips further testified that he found an empty liquor bottle in the path of the car and a strong smell of intoxicants within the car.

The second police officer to arrive at the scene was John Benefer. Officer Benefer also testified that in his opinion appellant was intoxicated. Based on the testimony of these three witnesses, we hold that the evidence was sufficient to support the jury's verdict on the issue of intoxication. *Fontenot v. State*, 486 S.W.2d 941 (Tex.Cr.App. 1972); *Gibbs v. State*, 385 S.W.2d 258 (Tex. Cr.App.1964).

■ Appellant also challenges the sufficiency of the evidence on the issue of causation. In cases of this nature, the existence or nonexistence of a causal connection is normally a question for the jury. *Dorsche v. State*, 514 S.W.2d 755 (Tex.Cr. App.1974); *Sanchez v. State*, 398 S.W.2d 117 (Tex.Crim.App.1965). The jury in this case was instructed that a guilty verdict required a finding of a causal connection between appellant's intoxication and the death of the deceased. The evidence of appellant's erratic driving immediately before the accident was sufficient to support a jury finding on the issue of causation. *Sanchez v. State*, supra. Appellant's contention is overruled.

■ Appellant contends that the State failed to allege and prove that his intoxication was voluntary. Intoxication is an essential element of involuntary manslaughter under Section 19.05(a)(2). This provision does not require the State to allege and prove that the intoxication is voluntary. We note, however, that this Court has held that a defendant may raise the affirmative defense of involuntary intoxication. *Torres v. State*, 585 S.W.2d 746 (1979). If a defendant raises an affirmative defense, the defendant must prove it by a preponderance of the evidence. V.T.C.A. Penal Code, Section 2.04. The State is not required to negate the existence of an affirmative defense in the indictment. V.T.C.A. Penal Code, Section 2.04(b). The evidence in this case did not raise the issue of involuntary intoxication.

■ Appellant asserts that the State failed to allege and prove what substance caused his intoxication. As long as the evidence is sufficient to support a jury finding of intoxication, the State need not allege or prove what substance caused this intoxication. Appellant's contention is without merit.

■ Relying on *Rummel v. Estelle*, 568 F.2d 1193 (5th Cir. 1978), appellant contends that his 16-year sentence constitutes cruel and unusual punishment. After appellant submitted his briefs, the Fifth Circuit sitting en banc reconsidered the panel decision in *Rummel*, and it overruled the panel's decision that petitioner's life sentence constituted cruel and unusual punishment. *Rummel v. Estelle*, 587 F.2d 651 (5th Cir.

1978). We conclude that appellant's 16-year sentence for involuntary manslaughter, where this conviction was enhanced by a prior felony conviction, does not constitute cruel and unusual punishment.

The judgment is affirmed.