TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00299-CR

Jeffrey Lon Sumner, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT

NO. CR-95-0144, HONORABLE JACK ROBISON, JUDGE PRESIDING

The district court adjudged appellant Jeffrey Lon Sumner guilty of two counts of
intoxication assault and assessed punishment at imprisonment for ten years on each count. See
Tex. Penal Code Ann. § 49.07 (West Supp. 2000). (1) The court suspended imposition of sentence
and placed appellant on community supervision.

Appellant's sole point of error complains of the overruling of his motion to quash
the indictment. Appellant contends that the indictment is defective because it does not allege a
culpable mental state in either count. See Tex. Penal Code Ann. § 6.02(b) (West 1994). The
statute expressly dispensing with any mental element for chapter 49 offenses was not in effect
when these offenses were committed. See Tex. Penal Code Ann. § 49.11 (West Supp. 2000).

"[P]roof of a culpable mental state is unnecessary where intoxication is an essential
element of the offense." Hardie v. State, 588 S.W.2d 936, 938 (Tex. Crim. App. 1979) (citing
Ex parte Ross, 522 S.W.2d 214, 219 (Tex. Crim. App. 1975)). Citing Ross and Hardie, this
Court has held that no culpable mental state was required for chapter 49 offenses committed prior
to the effective date of section 49.11. See Hyde v. State, 970 S.W.2d 81, 86 (Tex. App.--Austin
1998, pet. ref'd) (intoxication manslaughter); Sanders v. State, 936 S.W.2d 436, 438 (Tex.
App.--Austin 1996, pet. ref'd) (driving while intoxicated). For the reasons stated in the cited
opinions, we conclude that the motion to quash was properly overruled. See also Stidman v.
State, 981 S.W.2d 227, 229-30 (Tex. App.--Houston [1st Dist.] 1998, no pet.).

The point of error is overruled and the judgment of conviction is affirmed.

 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: April 27, 2000

Do Not Publish

1. The January 1, 2000, amendments to this statute are not relevant to this appeal.