Affirmed and Memorandum Opinion filed January 11, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00731-CR

___________________

 

Ray Wilson, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 185th District Court

Harris County,
Texas



Trial Court Cause No. 1181328

 



 

 

MEMORANDUM OPINION

            A jury convicted appellant Ray Wilson of intoxication
manslaughter and sentenced him to confinement for fifteen years in the Texas
Department of Criminal Justice, Institutional Division.  On appeal, he
challenges the sufficiency of the evidence and the trial court’s exclusion of appellant’s
expert evidence.  We affirm.

I.  Background

            David Hall, Jr.,
an employee of the Texas Department of Transportation (“TxDOT”), was called to
assist with the cleanup of an overturned eighteen-wheeler on the interstate. 
Hall was standing in the roadway, approximately ten feet in front of a TxDOT
truck, when he was struck and killed by a vehicle being driven by appellant. 
Appellant performed poorly on field-sobriety tests at the scene, and a blood
test revealed his blood alcohol concentration to be .148 at the time of the
test. 

II.  Sufficiency of the Evidence

            In
his first issue, appellant claims the evidence is legally and factually
insufficient to support his conviction.  Specifically, appellant argues the
State failed to show his intoxication caused Hall’s death.  Appellant claims the
conditions of the road and actions of TxDOT employees, not appellant’s
intoxication, were the cause of Hall’s death.  Appellant does not challenge the
evidence that establishes he was intoxicated.

In evaluating a legal-sufficiency challenge, we view
the evidence in the light most favorable to the verdict.  Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal is not whether
we, as a court, believe the State’s evidence or believe that appellant’s
evidence outweighs the State’s evidence.  Wicker v. State, 667 S.W.2d
137, 143 (Tex. Crim. App. 1984).  The verdict may not be overturned unless it
is irrational or unsupported by proof beyond a reasonable doubt.  Matson v.
State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The trier of fact “is
the sole judge of the credibility of the witnesses and of the strength of the
evidence.”  Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App.
1999).  The trier of fact may choose to believe or disbelieve any portion of
the witnesses’ testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  When faced with conflicting evidence, we presume the trier
of fact resolved conflicts in favor of the prevailing party.  Turro v. State,
867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim.
App. 1997).

A majority of the judges
of the Texas Court of Criminal Appeals have determined that “the Jackson v.
Virginia legal-sufficiency standard is the only standard that a reviewing
court should apply in determining whether the evidence is sufficient to support
each element of a criminal offense that the State is required to prove beyond a
reasonable doubt.”  Brooks v. State, 323 S.W.3d 893, 894 (Tex. Crim.
App. Oct. 6, 2010) (plurality op.) (Hervey, J., joined by Keller, P.J.,
Keasler, and Cochran, JJ.); id. at 913–14 (Cochran, J., concurring,
joined by Womack, J.) (same conclusion as plurality).[1]  Therefore, in this
case we will review the evidence under the Jackson v. Virginia standard
as articulated in the preceding paragraph.  We do not separately refer to
legal or factual sufficiency.

A person commits the offense of intoxication
manslaughter if that person (1) operates a motor vehicle in a public place, (2) while intoxicated,[2]
and (3) by reason of that intoxication, causes the death of another person by
accident or mistake.  Tex. Penal Code
Ann. § 49.08(a) (West 2003); Wooten v. State, 267 S.W.3d 289, 294–95
(Tex. App.—Houston [14th Dist.] 2008, pet. ref’d).  It is not enough that
operation of a motor vehicle, even when operated by an intoxicated person,
causes death; rather, the State must prove that a defendant’s intoxication
caused the fatal result.  See Daniel v. State, 577 S.W.2d 231, 233–34
(Tex. Crim. App. 1979); Glauser v. State, 66 S.W.3d 307, 313 (Tex. App.—Houston
[1st Dist.] 2000, pet. ref’d).

Under the Texas Penal Code, “a person is criminally
responsible if the result would not have occurred but for his conduct,
operating either alone or concurrently with another cause, unless the
concurrent cause was clearly sufficient to produce the result and the conduct
of the actor clearly insufficient.”  Tex.
Penal Code Ann. § 6.04(a) (West 2003); Wooten, 267 S.W.3d at 295. 
Whether such a causal connection exists is a question for the jury’s
determination.  See Hardie v. State, 588 S.W.2d 936, 939 (Tex. Crim. App.
1979); Thomas v. State, 756
S.W.2d 59, 61 (Tex. App.—Texarkana 1988, pet. ref’d).  In this case, the State
must prove the causal connection between appellant’s intoxication and Hall’s death.
 See Daniel, 577 S.W.2d at 233–34; Glauser, 66 S.W.3d at 313.  A
jury may draw reasonable inferences regarding the ultimate facts from basic
facts.  Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000); Wooten,
267 S.W.3d at 296.  Circumstantial evidence may be used to establish a causal
connection.  Wooten, 267 S.W.3d at 296.

“But for” causation, as referred to in section 6.04(a) of
the Texas Penal Code, must be established between an accused’s conduct and the
resulting harm.  See Robbins v. State, 717 S.W.2d 348, 351 (Tex. Crim. App.
1986).  When concurrent causes are present, the “but for” requirement is satisfied
when either (1) the accused’s conduct is sufficient by itself to have caused
the harm, or (2) the accused’s conduct coupled with another cause is sufficient
to have caused the harm.  Id.  If an additional cause, other than an
accused’s conduct, is clearly sufficient by itself to produce the result, then
the accused’s conduct by itself is clearly insufficient, and the accused cannot
be convicted.  Id.

In the case under review,
appellant claims there were factors other than his intoxication which, standing
alone, were sufficient to cause Hall’s death.  Appellant asserts:  (1) TxDOT’s
actions and the location of the TxDOT truck impaired his vision of the truck; (2)
he had to swerve from the left lane to the right lane to avoid hitting the
parked TxDOT truck; (3) his speed was reasonable; and (4) a sober driver would
have struck Hall because of the quick reaction time required to stop.  

None of these factors are sufficient, standing alone,
to have caused Hall’s death.  Hall was standing in the left lane, approximately
ten feet in front of the TxDOT truck, not in the right lane.  If appellant had
stayed in the right lane after swerving to avoid the TxDOT truck, he would not
have struck Hall.  Appellant offers no explanation for swerving back into the
left lane within ten feet of the TxDOT truck.  Even if a sober driver who took
the same action would have been unable to avoid striking Hall, there is no
evidence that a sober driver would have taken that action, rather than
remaining in the right lane.  

The factors upon which appellant relies, at best,
could have contributed to the accident.  See Martinez v. State, 66
S.W.3d 467, 469 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d) (even though eighteen-wheeler
had a defective front steering axle, some brakes were not working, and the
unsecured cargo shifted when the defendant changed lanes, the defendant’s
driving while intoxicated at a high rate of speed could not be characterized as
being insufficient conduct to cause the accident); Glauser, 66 S.W.3d at
313 (determining evidence was legally and factually sufficient to prove
causation by appellant's intoxication because testimony reflected that someone
in “full command of his mental and physical faculties while driving” at the
rate of speed the appellant claimed to have been driving would have been able
to avoid hitting the disabled vehicle).  When concurrent causes are present,
the “but for” requirement is satisfied when the accused’s conduct coupled with
another cause is sufficient to have caused the harm.  See Robbins, 717
S.W.2d at 351.

Officer Thomas Wallace was traveling in the same
direction as appellant and saw the TxDOT truck and Hall standing in front of
it.  The testimony regarding appellant’s speed varied from a high of seventy
miles per hour to the fifty miles per hour asserted by appellant.  Testimony
established that the speed limit at the location of the accident was, at most, forty
miles per hour.  A rational trier of fact could have found that appellant,
because he was intoxicated, swerved back into the left lane for no apparent
reason at an excessive speed, even though Hall was clearly visible.  

Accordingly, a fact-finder reasonably could have
found that “but for” appellant’s intoxication, the complainant’s death would
not have occurred.   See Tex.
Penal Code Ann. §§ 6.04, 49.08(a); Wooten, 267 S.W.3d at 296.  Appellant
does not dispute that a reasonable fact-finder could have found beyond a
reasonable doubt that he operated a motor vehicle on a public roadway at a time
when he was intoxicated.  See Tex.
Penal Code Ann. §§ 49.08(a), 49.01(2)(B).  Viewing the evidence in the
light most favorable to the verdict, a rational trier of fact could have found
the essential elements of intoxication manslaughter beyond a reasonable doubt.  See
Brooks, 323 S.W.3d at 899; Wooten, 267 S.W.3d at 297.  Therefore,
the evidence is sufficient to sustain appellant’s conviction.  See Wooten,
267 S.W.3d at 297; Hale v. State, 194 S.W.3d 39, 43 (Tex. App.—Texarkana
2006, no pet.); Martinez, 66 S.W.3d at 470; Glauser, 66 S.W.3d at
311.  Appellant’s first issue is overruled.

III.  Exclusion of Evidence
Proffered as Expert Testimony

In his second issue,
appellant claims the trial court erred in excluding the expert testimony of
Charles Marler, whom appellant proffered as an expert.  The record reflects the
trial court allowed Marler to testify, but not as an expert.  

During the
guilt/innocence phase of the trial, the defense called Marler to testify.  The prosecutor
objected on the grounds that the State “had no notice for this expert.” 
Appellant concedes the lack of notice, but argues the trial court abused its
discretion because the failure to disclose did not constitute bad faith and the
State reasonably could have anticipated the undisclosed witness would testify. 
See Johnson v. State, 233 S.W.3d 109, 115 (Tex. App.—Houston [14th
Dist.] 2007, no pet.) (setting forth two factors for appellate court to
consider in determining whether trial court abused its discretion in excluding
testimony on grounds of failure to timely disclose expert witness).  But, the
record reflects the trial court did not exclude Marler’s expert testimony based
on failure to disclose.  Marler was
offered as an expert to testify that appellant’s action of swerving around the
parked vehicle was “a correct driving decision.”  The trial court found, based
on his testimony, Marler was not an expert on that issue.  Further, the trial
court determined such testimony would invade the province of the jury.  On
these grounds, the trial court excluded the testimony.

A trial court’s decision
to exclude the testimony of an expert proffered as an expert is reviewed for an
abuse of discretion.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim.
App. 2000).  If the trial court’s ruling lies within the zone of reasonable disagreement,
the trial court’s ruling will not be reversed on appeal.  Id.  Under
Texas Rule of Evidence 702, entitled “Testimony by Experts,” if a witness possesses scientific, technical, or other
specialized knowledge that will assist a fact finder, and if the witness is qualified as an expert by
knowledge, skill, experience, training, or education, then that expert may testify with an opinion.  Tex. R. Evid. 702; Schutz v. State,
957 S.W.2d 52, 59 (Tex. Crim. App. 1997).  An expert’s testimony is admissible
when a jury is not qualified “to the best possible degree” to intelligently
determine an issue without the testimony.  See Schutz, 957 S.W.2d at 59. 
As such, expert testimony is intended to aid, rather than supplant, a jury’s
decision.  Id.  

The proponent of the
expert testimony must show by clear and convincing proof that the evidence he
seeks to introduce is sufficiently relevant and reliable to assist the trier of
fact in accurately understanding other evidence or determining a fact at issue.
Weatherred, 15 S.W.3d at 542.  The expert’s knowledge and experience
on a relevant issue must be shown to be beyond that of the average juror and it
must be shown that his testimony will help the jury understand the evidence or
determine a fact issue.  See Duckett v. State, 797 S.W.2d 906, 914 (Tex.
Crim. App. 1990), overruled on other grounds, Cohn v. State, 849
S.W.2d 817, 819 (Tex. Crim. App. 1993).  When the jury is equally competent to
form an opinion about an ultimate fact issue, or the testimony is within the
common knowledge of the jury, the trial court should exclude the expert’s
testimony.  Duckett, 797 S.W.2d at 914; Heidelberg v. State, 36
S.W.3d 668, 676 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  Notably, in
his appellate brief, appellant does not argue the trial court erred in
concluding Marler was not an expert on correct driving decisions or that Marler’s
testimony on that issue would invade the jury’s province as finder of fact.  Nor
does appellant cite any authority or make any references to the trial record that
would demonstrate the trial court abused its discretion.  Therefore, appellant
has presented nothing for appellate review of this issue.  See Tex. R. App. P. 38.1(i); King v.
State, 17 S.W.3d 7, 23 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d)
(citing Vuong v. State, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992)).  Accordingly,
appellant has waived the complaint.  We overrule appellant’s second issue.

The judgment of the
trial court is affirmed.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
Nonetheless, this does not alter the constitutional authority of the
intermediate courts of appeals to evaluate and rule on questions of fact.  See
Tex. Const. art. V, § 6(a)
(“[T]he decision of [courts of appeals] shall be conclusive on all questions of
fact brought before them on appeal or error.”).

 





[2]
A person is considered to be “intoxicated” if that person (1) does not have the
normal use of mental or physical faculties by reason of the introduction of
alcohol, a controlled substance, a narcotic, a dangerous drug, a combination of
any of those substances, or any other substance into the body; or (2) has an
alcohol concentration in his breath, blood, or urine of .08 or more.  Tex. Penal Code Ann. §§ 49.01(2)(A),
(B) (West 2003).