**Opinion filed December 21, 2017**



### In The

# Eleventh Court of Appeals

_____

## No. 11- 15-00240-CR

_____

## MARGARET BENAVIDES ERVIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**
**Stonewall County, Texas**
**Trial Court Cause No. 1943**

### M E M O R A N D U M   O P I N I O N

After the jury found Margaret Benavides Ervin guilty of intoxication manslaughter, it assessed her punishment at confinement for nine years. Because, contrary to Appellant's assertion in her sole issue on appeal, the evidence was sufficient to support the verdict, we affirm.

Texas Department of Public Safety Troopers Nick Jimenez, James Daniel Norman, and L.P. Adams were each involved in the investigation of the vehicular fatality that is the subject of this case.

The record reveals that on the date of the offense, as Appellant drove her pickup east on U.S. Highway 380 in Stonewall County, she drove past the turn that she intended to make off U.S. Highway 380 toward Peacock. Appellant made a U-turn and then began to enter the westbound lane of U.S. Highway 380 so that she could make the turn toward Peacock. At the time that Appellant made this maneuver, Edward Stevens was driving his Chevrolet Blazer westbound on U.S. Highway 380 approximately four-tenths of a mile east of Appellant's location. Trooper Adams, a "certified accident reconstructionist," testified that he believed that each driver should have been able to see the other's vehicle. As Appellant crossed the westbound lane to make the turn toward Peacock, and just before the vehicles collided, it appeared that Stevens "moved over to the left as if to pass or to avoid a collision with [Appellant's] pickup." Nevertheless, the passenger side of Stevens's Blazer collided with the driver's side of Appellant's pickup. Stevens did not apply his brakes before the collision, and at the time of impact was traveling "[m]ore than 90 miles an hour."

Stevens was not wearing his seat belt and was ejected from the vehicle; he died as a result. Stevens's passenger was stuck in the Blazer, and the fire department had to pry the door open in order to remove her. Emergency medical personnel took Appellant and her passenger, Beverly Janelle Biffle, to the hospital.

Howard Heath, EMS Director for Kent County, testified that Biffle told him that Appellant had been driving. Appellant told Biffle to "shut up." First responder Stephania Mullen testified that she heard Appellant say that this one would put her in the "big house."

Trooper Norman went to the hospital to talk to Appellant and Biffle. He noticed that Appellant's speech was slurred, her eyes were red and glassy, and her breath smelled of alcohol. Further, when Trooper Norman performed a horizontal

2

gaze nystagmus test on Appellant, he found that she exhibited six clues of intoxication. Biffle told Trooper Norman that Biffle, not Appellant, was driving the pickup. Biffle ultimately said that Appellant was driving and that Biffle was merely trying to protect her. Appellant told Trooper Norman that a man had been driving but that he ran off. She further told Trooper Norman that she had been wearing a seat belt, but he did not find any seat-belt marks on Appellant. However, Biffle had seat-belt marks on the right side of her neck, which was consistent with marks that a passenger in an accident would display.

Trooper Norman obtained a search-warrant-supported blood draw. An analysis of the blood revealed that Appellant's blood alcohol level was 0.191, more than double the amount that constitutes intoxication as provided in the Penal Code. *See* TEX. PENAL CODE ANN. § 49.01(2)(B) (West 2011). Biffle admitted that she and Appellant had been drinking before the wreck occurred. Trooper Jimenez testified that he smelled the odor of alcohol inside Appellant's pickup and saw Natural Light beer cans scattered around the area.

In her sole issue on appeal, Appellant claims that the evidence was insufficient to support her conviction because "the State did not prove that [Appellant's] intoxication caused [Steven's] death."

A person commits the offense of intoxication manslaughter if the person (1) operates a motor vehicle in a public place, (2) is intoxicated, and (3) by reason of that intoxication causes the death of another by accident or mistake. *See id.* § 49.08. Appellant attacks the third element only, and we will limit our review accordingly.

We review the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under this standard, we review all the evidence in the light

3

most favorable to the jury's verdict and decide whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

The trier of fact is the sole judge of the weight and credibility of the evidence, and a reviewing court may not reevaluate the weight and credibility of the evidence and substitute its own judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). If the evidence raises any conflicting inferences, we presume that the trier of fact resolved such conflicts in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326.

Under the Texas Penal Code, "[a] person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." PENAL § 6.04(a). Whether such a causal connection exists is a question for the jury's determination. *Hardie v. State*, 588 S.W.2d 936, 939 (Tex. Crim. App. [Panel Op.] 1979). The State must prove the causal connection between the defendant's intoxication and the victim's death. *Daniel v. State*, 577 S.W.2d 231, 233–34 (Tex. Crim. App. [Panel Op.] 1979). A jury may draw reasonable inferences regarding the ultimate facts from basic facts. *Lacour v. State*, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). The State may use circumstantial evidence to establish the causal connection. *Wooten v. State*, 267 S.W.3d 289, 295–96 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *Garcia v. State*, 112 S.W.3d 839, 852 (Tex. App.—Houston [14th Dist.] 2003, no pet.);.

The State must establish "but for" causation, as referred to in Section 6.04(a) of the Texas Penal Code, between a defendant's conduct and the resulting harm. *Robbins v. State*, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986). When concurrent causes are present, the State satisfies the "but for" requirement when either (1) the

defendant's conduct is sufficient by itself to have caused the harm, whether there is a concurrent cause or not, or (2) the defendant's conduct coupled with another cause is sufficient to have caused the harm. *Id.* "If an additional cause, other than an accused's conduct[,] is clearly sufficient by itself to produce the result, the accused's conduct by itself is clearly insufficient, [and] the accused cannot be convicted." *Wooten*, 267 S.W.3d at 296.

In this case, the jury heard evidence that the collision would have occurred in the same manner even if Stevens had been driving at a speed of "75 or 60 miles an hour." The jury also heard testimony that there was a clear line of sight of approximately four-tenths of a mile between the place where Appellant made the U-turn and the point at which Stevens's Blazer would have been at that time. It also heard evidence that "a person with all their mental faculties, with normal - - being normally observant, would have seen [the Blazer] approaching . . . prior to making a U-turn." Furthermore, that person would have seen the Blazer approaching behind them before they made the turn toward Peacock. Additionally, the record contains testimony that, even after the U-turn and before reentry onto the highway, a person with normal faculties would have seen Stevens approaching in the Blazer and would not have merged onto the highway because, given the close proximity of the Blazer, it would have been unsafe to do so.

There has been no challenge to the sufficiency of the evidence to show that Appellant was intoxicated. One of the statutory definitions of "intoxication" is that the person does not have the normal use of her mental or physical faculties. PENAL § 49.01(2)(A).

We hold that this testimony is sufficient to satisfy the "but for" requirement. A rational jury could have found beyond a reasonable doubt that but for Appellant's intoxication, or lack of the normal use of her normal faculties, Steven's death would

5

not have occurred.  As we have outlined above, the evidence supports such a finding even though Stevens exceeded the speed limit.  We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


December 21, 2017

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.