

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00145-CR

ANTONIO MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 14F0612-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

After being charged in two separate indictments, a jury convicted Antonio Moore of intoxication assault and felony murder arising out of an automobile accident that injured one person and killed another. As a result of his intoxication assault conviction, Moore was sentenced as a habitual offender to ninety-nine years in prison. Moore appeals his conviction, claiming that (1) he failed to receive a fair trial due to ineffective assistance of counsel[1] and (2) there was insufficient evidence to support the jury's verdict of guilt. For the reasons below, we affirm the judgment of the trial court.

I.      **Background**

On Memorial Day 2014, Texas Department of Public Safety Trooper Michael Ferguson came upon a two-vehicle crash that had just occurred on U.S. Highway 67. After assessing the situation, Ferguson learned that Janette Hale had been the driver of one of the vehicles, and the other vehicle had been driven by Moore.[2] Hale was transported to the hospital by ambulance with fractured ribs, multiple fractures to her arm, and a dislocated shoulder. According to Ferguson, when he made contact with Moore, his eyes were red and bloodshot, his speech was slurred, and he smelled of alcohol.[3] Ferguson spoke to several witnesses, and they all stated that, immediately

---

[1]Moore also appealed his conviction for felony murder in our cause number 06-16-00144-CR, claiming that (1) he failed to receive a fair trial due to ineffective assistance of counsel and (2) there was insufficient evidence to support the jury's verdict of guilt as to his felony murder conviction. Because we addressed Moore's claim of ineffective assistance of counsel in cause number 06-16-00144-CR, in this opinion, we address only his sufficiency argument related to his conviction for intoxication assault.

[2]Moore was traveling in the eastbound lane when he crossed over into the westbound lane where Hale was traveling.

[3]Moore was transported to the hospital, at which point Ferguson performed a horizontal-gaze nystagmus test on him. Based on the results, Ferguson believed that Moore was intoxicated. Ferguson then obtained a search warrant for the purpose of retrieving a blood sample from Moore in order to determine his blood alcohol concentration. About three

prior to the collision, Moore had been in the process of passing another vehicle that was pulling a trailer.

At trial, Hale testified that she had noticed "an out of control" car heading toward her on the highway. Hale stated that, once the vehicle had maneuvered around the other cars, she believed the driver had regained control of the car. Hale explained,

> Well, at first, I hit my brake, but then it looked like he -- once he got around the passing -- the people he was passing, or these other cars that were there, which I didn't even notice any of them, I just noticed the one out of control, because it was just something you notice. So once he got around them, I thought, okay, he got control of the car. So this is how far I am away from him, because -- so I get back on my accelerator. I get back to hitting 60. All of the sudden, he just careens over into my lane like this. I see him starting to come toward my lane, like he was going to do a -- it looked like you were going to do a donut in the middle of the road. So he just careens over. I take both feet on the brake, and I brace for impact."

Hale said she did not observe any other vehicle hit Moore's car prior to their collision, nor did she see any other vehicle sideswipe his vehicle.[4]

Chris Jeans, who was traveling in the eastbound lane that day, also witnessed Moore's actions immediately before the collision. Jeans stated, "It came around, around past me and then switched lanes, and it got up close to this car and then switched lanes. And then it had to -- ran up

hours after the collision had occurred, Moore's blood was drawn. The results of the blood draw revealed that Moore was intoxicated, with the test results showing a blood alcohol concentration of 0.196. *See* TEX. PENAL CODE ANN. § 49.01(2)(B) (West 2011).

Karen Ream, a forensic scientist for the Texas Department of Public Safety, testified that she performed the analysis on Moore's blood sample. Ream explained that a blood alcohol content of 0.196 is over two times the legal limit and that an individual having a blood alcohol content of 0.196 would not have normal use of his mental and physical faculties. Moreover, Ream stated that a person who consumes alcohol on a regular basis "would still not have the normal use of their mental or physical faculties. They would just have a learned tolerance."

[4]Due to Hale's injuries, doctors implanted rods in her arm to allow her to have normal use of it. Hale testified that the rods will be there for the remainder of her life. According to Hale, she is unable to use her arm as she previously had, and she lives with pain, numbness, and other difficulties associated with the injury.

on this car pretty fast. So it had to slow down, and that's when it started fishtailing." At that point, Jeans believed that Moore had regained control of his vehicle, "but then all of the sudden, [it] just went straight across to the other lanes of traffic." Jeans stated that he saw the vehicles collide and that he did not observe any other vehicle sideswipe Moore's vehicle.[5]

Ferguson testified that, following the collision, he conducted a fatality crash investigation and determined by the cars' skid marks that Moore had traveled from the outside eastbound lane, across two lanes of traffic, and then hit Hale's car, which was traveling in the westbound lane. Ferguson believed the contributing factors to the collision were: (1) the vehicle driven by Moore, (2) was traveling at an unsafe speed,[6] and (3) the driver was under the influence of alcohol. In reaching his conclusion, Moore noted, in part, that, on the day of the collision, it had not rained, the roads were not wet, there were no lighting problems, and there were no obstructions in the road.

## II.    Standard of Review

In evaluating legal sufficiency in this case, we must review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found, beyond a reasonable doubt, that Moore was guilty of the offense of intoxication assault. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—

---

[5]Jean's wife, Rebecca, described a similar version of the events leading up to the collision. Rebecca stated, "The way I have explained it, of course, to my friends and family when it happened, was it looked like the hand of God took [Moore's] car and just turned it to the left straight across in front of her. I've never seen anything like it."

[6]Ferguson stated that Moore was not driving at a reckless speed.

4

Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*,

323 S.W.3d at 917 (Cochran, J., concurring). We examine legal sufficiency under the direction of

the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve

conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts

to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443

U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by

a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not

unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of

liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

## III.    Discussion

A person commits the offense of intoxication assault if, by accident or mistake, "while

operating a motor vehicle in a public place while intoxicated, by reason of that intoxication [he]

causes serious bodily injury to another."[7] TEX. PENAL CODE ANN. § 49.07(a)(1) (West 2011). A

person is intoxicated (1) if he does not have "the normal use of his mental or physical faculties by

reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a

combination of two or more of those substances or any other substance into the body" or (2) if he

---

[7]"'Serious bodily injury' means injury that creates a substantial risk of death or that causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 49.07(b) (West 2011).

has "an alcohol concentration of 0.08 or more." TEX. PENAL CODE ANN. § 49.01(2)(A), (B) (West 2011).[8]

On appeal, Moore contends,

The State failed to prove that [Moore,] because of accident or mistake[,] was the cause of the injury sustained by [Hale], in that the testimony from the State's witnesses was that [Moore] was not operating his motor vehicle at an unsafe speed, that it appeared that his vehicle veered to the left suddenly as if it [were] moved by the hand of God, and the State failed to present evidence that showed that the vehicle did not suffer a mechanical malfunction.

"A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." TEX. PENAL CODE ANN. § 6.04(a) (West 2011). In order to prove causation for intoxication assault, the State is required to prove the accused's intoxication, not just the operation of the vehicle, caused the accident. *Hardie v. State*, 588 S.W.2d 936, 939 (Tex. Crim. App. 1979); *Wooten v. State*, 267 S.W.3d 289, 296 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).

Thus, the State must prove the causal connection between Moore's intoxication and the individual's serious bodily injury. *See Daniel v. State*, 577 S.W.2d 231, 233–34 (Tex. Crim. App. 1979). Whether there is a causal connection is a question for the jury. *Hardie*, 588 S.W.2d at 939.

---

[8]The indictment against Moore states,

[O]n or about May 24, 2014, [Moore] did then and there operate a motor vehicle in a public place while intoxicated by reason of the introduction of alcohol into the body, and did by reason of such intoxication cause serious bodily injury to another, namely, Janette Elaine Hale, by accident or mistake, to-wit: by driving a motor vehicle into or against a motor vehicle being occupied by Janette Elaine Hale.

The jury is allowed to draw reasonable inferences regarding the ultimate facts from basic facts. *Lacour v. State*, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). Moreover, the use of circumstantial evidence is permitted in order to establish a causal connection. *Wooten*, 267 S.W.3d at 296.

Moore maintains, "The record in this cause is completely devoid of any evidence that [Moore] did any act much less drive his vehicle into or against a motor vehicle occupied by [Hale]." He continues, "It is readily apparent from the testimony of [Rebecca] and from [Ferguson] that [Moore]'s vehicle turned unexpectedly and that it was not being operated unsafely . . . ." In other words, Moore contends that the evidence showed the vehicle caused the accident, not him. We disagree.

Multiple witnesses testified that Moore was the driver of the vehicle that collided with Hale's vehicle. More specifically, Ferguson stated that Moore's vehicle had traveled from the eastbound lane, crossed over two lanes of traffic, and then hit Hale's vehicle while she was traveling in the westbound lane. As a result of Ferguson's investigation, he determined that Moore's actions of driving at an unsafe speed and while under the influence of alcohol contributed to the accident. In addition, Ream testified that, three hours after the collision, Moore's blood alcohol concentration was 0.196, which is more than two times the legal limit with which a person is legally allowed to drive an automobile. Ream stated that a person operating a motor vehicle in such a condition would not have had the normal use of his mental or physical faculties. Lastly, Hale testified that Moore careened over into her lane, causing the collision of the two vehicles. According to Hale, she was left with injuries that would affect her for the rest of her life.

7

Moore maintains that, based on some of the witnesses' statements, the evidence showed he did not cause the collision, but that the vehicle itself caused it.[9] Even assuming that there were evidence to support Moore's theory, the jury was free to believe all or any part of the testimony of any witness, or to disbelieve all or any part of a witness' testimony. *Cain v. State*, 958 S.W.2d 404, 409 (Tex. Crim. App. 1997). Viewing the evidence in the light most favorable to the State, a rational trier of fact could have found beyond a reasonable doubt that the collision, and Moore's resulting injuries, would not have occurred that day but for Moore driving his vehicle while intoxicated. Accordingly, we hold that the evidence was sufficient to support Moore's conviction.

We overrule Moore's point of error.

## III. Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     January 8, 2018
Date Decided:     March 28, 2018

Do Not Publish

---

[9]Moore contends that the State was required to show that his vehicle did not suffer from a mechanical malfunction; however, Moore presents no legal basis for his contention, and we found none.

8