# NOS. 12-18-00311-CR
# 12-18-00312-CR
# 12-18-00313-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GILBERTO GOMEZ,*<br>*APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Gilberto Gomez appeals three convictions for intoxication manslaughter. In one issue, Appellant argues that the evidence is insufficient to support his convictions. We affirm.

### BACKGROUND

On February 11, 2018, Appellant was driving southbound on Highway 110 in Smith County, Texas, when his vehicle crossed the center line and collided head-on with another vehicle traveling in the northbound lane. Shortly after the collision, both vehicles were engulfed in flames. The passenger in Appellant's vehicle and the two occupants of the other vehicle were killed. Appellant survived. Subsequently, while he was receiving medical treatment at a hospital emergency room, Appellant's blood was drawn, and it was revealed that his blood-alcohol concentration was 0.188 grams per 100 milliliters, more than twice the legal limit.

Appellant was charged in three separate causes with intoxication manslaughter. The indictments further alleged that Appellant used a motor vehicle as a deadly weapon and previously was convicted of a felony. Appellant pleaded "not guilty" in each cause. The matter proceeded to trial, and a jury found Appellant "guilty" as charged. Following a trial on punishment, the jury

assessed Appellant's punishment in each cause at imprisonment for life. The trial court sentenced Appellant accordingly and ordered that Appellant's sentences run consecutively. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his sole issue in each cause, Appellant argues that the evidence is insufficient to support his convictions for intoxication manslaughter. Specifically, Appellant contends that there is no evidence to support the element of causation.[1]

**Standard of Review**

The *Jackson v. Virginia*[2] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Rodriguez v. State*, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing *Sorrells v. State*, 343 S.W.3d 152,

---

[1] At trial, the only contested issue was whether Appellant's actions caused the deaths of the three victims. All other elements were conceded.

[2] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. *Id.* at 15. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. *Id.* An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id.* at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

**Governing Law**

A person commits the offense of intoxication manslaughter if the person operates a motor vehicle in a public place while the person is intoxicated and, by reason of that intoxication, causes the death of another by accident or mistake. *See* TEX. PENAL CODE ANN. § 49.08(a) (West 2011). In Texas, the law of criminal causation as it relates to the defendant's conduct is as follows:

> A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

*Id.* § 6.04(a) (West 2011). It is not enough that operation of a motor vehicle, even when operated by an intoxicated person, causes death; rather, the state must prove that a defendant's intoxication caused the fatal result. *Wooten v. State*, 267 S.W.3d 289, 295 (Tex. App.–Houston [14th Dist.] 2008, pet. ref'd). But the state is not required to prove that intoxication is the sole cause of the accident. *Matamoros v. State*, 500 S.W.3d 58, 64 (Tex. App.–Corpus Christi 2016, no pet.).

The existence or nonexistence of a causal connection is normally a question for the jury. *Hardie v. State*, 588 S.W.2d 936, 939 (Tex. Crim. App. 1979). Circumstantial evidence may be

3

used to establish a causal connection. ***Wooten***, 267 S.W.3d at 296. Evidence of the appellant's appearance, condition, and actions, the appellant's management of his vehicle, and the victim's injuries may comprise circumstantial evidence of the fact of intoxication and a causal connection with the death of the deceased. *See **Kennemur v. State***, 280 S.W.3d 305, 313 (Tex. App.–Amarillo 2008, pet. ref'd).

## Discussion

In the instant case, Department of Public Safety (DPS) Trooper Barry Evans testified that one of his primary responsibilities during his eighteen-year career is to investigate crashes on the rural highways in Texas. Evans elaborated that he has worked on approximately 1,800 crash investigations during this time. Evans stated that he was asked to assist the investigating trooper in conducting a computer assisted scale drawing of the crash. Evans further stated that he compiled this drawing based on information provided by other troopers at the scene, which included the position of the vehicles at the scene, the damage to the vehicles, and pre-impact and post impact skids and/or gouges. He also stated that he relied on measurements taken regarding the physical features and dimensions of the roadway.

DPS Trooper Matthew Johnson testified that he had been with the department for almost eight years and is a certified crash reconstruction expert. He further testified that he has worked on approximately one thousand car crashes during that time. With regard to the crash in question, Johnson explained how he used the "Total Station" surveying instrument, a high accuracy data collection device used to determine distance and elevation. He further explained how gouge marks in the road surface helped investigators to determine the precise location of the vehicles' impact, including the lane of traffic in which the impact occurred. Johnson testified that he assisted Evans in creating the diagram of the crash scene.

DPS Trooper Paul Bickerstaff testified that he has been with the department for two and one-half years, but has been a law enforcement officer since 2007. Bickerstaff further testified that he assisted the lead investigator on the night in question. Bickerstaff stated that it had been raining that night and the roadway was wet, but he did not recall the temperature's being below freezing or the presence of fog. Bickerstaff further testified that, based on his observations, the two vehicles collided at a high rate of speed.

4

DPS Trooper Chad Vineyard[3] testified that he was the lead investigator on the case. He further testified about the weather and driving conditions on the night in question. Vineyard stated that it had been raining and the road was wet, but there was no fog or ice or any evidence that either vehicle hydroplaned. Vineyard further stated that the area was dark, but visibility otherwise was good and unobscured. Vineyard testified concerning gouge marks, skid marks, and the disbursement of debris, as well as the weight of the vehicles in question and their location and orientation at the point where they came to rest following the collision. He noted that the absence of skid marks before the point of impact indicated that neither driver applied the brakes before impact. Vineyard stated that when he encountered Appellant sitting in the ditch on the side of the road, Appellant told him that he was walking down the road and was hit by a passing car. But Vineyard noticed that Appellant's shoes were charred and based on the surrounding circumstances and further actions undertaken by Appellant,[4] he concluded that Appellant was being dishonest with him. From the entirety of evidence and his investigation, Vineyard stated that he was able to determine the vehicles' respective directions of travel and their point of impact. Thus, he concluded that Appellant's pickup truck crossed the road's double-yellow center dividing line into oncoming, northbound traffic on Texas State Highway 110 and, without Appellant's applying the brakes, struck nearly head-on the car occupied by two of the victims. Vineyard stated that the passenger in Appellant's vehicle died instantly from the impact, but the occupants of the other vehicle may have survived and burned to death. He posited that Appellant crawled from the wreckage and escaped the fire due to his intoxication. Vineyard testified that he also concluded from his investigation and the information compiled by Evans and Johnson that the cause of the collision between the two vehicles was Appellant's intoxication; his investigation did not reveal any intervening cause for the collision.

In sum, it is undisputed that Appellant was intoxicated at the time of the collision. *See Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010) (a driver's "[b]eing intoxicated at the scene of a traffic accident . . . is some circumstantial evidence that the [driver's] intoxication caused the accident"). Further, the record reflects that Appellant was deceptive with Vineyard about his role in the accident and gave a false name to an emergency room nurse. *See State v.*

---

[3] Vineyard was qualified as an expert in accident investigation prior to trial.

[4] The record reflects that false identification was discovered in Appellant's wallet and Appellant used a false name when identifying himself to an emergency room nurse.

*Cruz*, 461 S.W3d 531, 539 n.36 (Tex. Crim. App. 2015) (assumption of a false name is admissible as evidence of consciousness of guilt, and thus of guilt itself). Further still, Troopers Evans, Johnson, and Vineyard testified in great detail about their observations of and the evidence collected at the scene of the collision. Moreover, Vineyard testified extensively about the investigation and his determination that Appellant's vehicle crossed the double-yellow center line and, without Appellant's applying the brakes, collided nearly head-on with the other vehicle. *See id.* at 463 (a driver's failure to brake provides some evidence that the accident was caused by intoxication). Finally, the jury heard Vineyard's expert testimony that, based on his investigation, which relied in part on the data compiled by Evans and Johnson, he concluded that Appellant's intoxication, and no intervening factor, caused the collision.

Based on the foregoing, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant's intoxication caused the collision resulting in the death of his passenger and the two occupants of the other vehicle. *See* TEX. PENAL CODE ANN. §§ 6.04(a), 49.08(a). Therefore, we hold that the evidence is legally sufficient to support the trial court's judgments. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson*, 871 S.W.2d at 186. Appellant's sole issue in each cause is overruled.

## DISPOSITION

Having overruled Appellant's sole issue in each cause, we ***affirm*** the trial court's judgments.

GREG NEELEY
Justice

Opinion delivered October 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 31, 2019

NO. 12-18-00311-CR

**GILBERTO GOMEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-0584-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 31, 2019

NO. 12-18-00312-CR

**GILBERTO GOMEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-0585-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 31, 2019

NO. 12-18-00313-CR

**GILBERTO GOMEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0586-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*